**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) **BILLY D. "RUSTY" RHOADES III, an individual;** | ) | |
| 2) **MEGAN L. SIMPSON, an individual; and** | ) | |
| 3) **MICHAEL S. HARRELL, an individual;** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No.: CIV-20-761-G** |
| | ) | |
| 1) **THE STATE OF OKLAHOMA ex rel GOVERNOR** | ) | |
|    **KEVIN STITT;** | ) | |
| 2) **THE STATE OF OKLAHOMA ex rel THE** | ) | |
|    **OKLAHOMA DEPARTMENT OF PUBLIC SAFETY;** | ) | |
| 3) **KEVIN STITT, an individual;** | ) | **ATTORNEY LIEN CLAIMED** |
| 4) **CHIP KEATING, an individual;** | ) | **JURY TRIAL DEMANDED** |
| 5) **JASON NELSON, an individual; and** | ) | |
| 6) **JOE CLARO, an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:     November 3, 2020 at 11:20 am

Appearing for Plaintiff:    Dustin J. Hopson, OBA #19485
                            Hopson Legal LLC
                            119 N. Robinson Ave., #650
                            Oklahoma City, OK 73102
                            Telephone: (405) 673-7560
                            Email: dustin@hopsonlawfirm.com

Appearing for Defendant:    Ronald T. Shinn Jr., OBA # 19569
                            Michael A. Duncan, OBA # 32382
                            MCAFEE & TAFT
                            A PROFESSIONAL CORPORATION
                            211 North Robinson, 10th Floor
                            Oklahoma City, Oklahoma  73102
                            Telephone:  (405) 235-9621
                            Facsimile:  (405) 235-0439
                            ron.shinn@mcafeetaft.com
                            alex.duncan@mcafeetaft.com

                            W. Kirk Turner, OBA # 13791
                            Jacob S. Crawford, OBA # 31031
                            MCAFEE & TAFT
                            A PROFESSIONAL CORPORATION

Two West Second Street, Suite 1100
Tulsa, Oklahoma  74103
Telephone (918) 587-0000
Facsimile (918) 599-9317
kirk.turner@mcafeetaft.com
jake.crawford@mcafeetaft.com

**Jury Trial Demanded [X]  -  Non-Jury Trial □**

1.   **<u>BRIEF PRELIMINARY STATEMENT</u>**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

Plaintiffs:

This action arises from the employment and termination of Plaintiffs, who were employed in the positions of Commissioner of the Oklahoma Department of Public Safety ("DPS"), Assistant Commissioner/General Counsel of  DPS, and the Chief of Patrol of the Oklahoma Highway Patrol ("OHP"). During their employment, at all times, the public policy of the State of Oklahoma required the Plaintiffs under 43 O.S. §2-117 to administratively act to facilitate investigations, perform police duties and advance prosecution where necessary in order to ensure the absence of illegal activity and corruption within DPS and OHP.

In 2018, Trooper Troy German of the Oklahoma highway patrol attempted to blackmail Plaintiff Rhoades, and he was subsequently prosecuted for doing so. Despite admissions that he did so, the Oklahoma Attorney General's Office dismissed charges against Trooper German. Upon doing so, Plaintiffs continued to fulfill their §2-117 duties, advancing investigations into actions of troopers of the OHP. Upon learning Plaintiffs were fulfilling the public policy of the State of Oklahoma, Defendants acted to terminate Plaintiffs without authority to do so, and without providing notice and opportunity for hearing to Plaintiffs Rhoades and Harrell, each of whom held expectations of continued employment. Further, none of the Defendants responsible for the termination of Plaintiff Harrell had authority to do so, as such determination is the express and sole domain of the Commissioner of DPS under 47 O.S. §§2-104 and 2-105. As such, his termination on this basis was also in violation of the public policy of the state of Oklahoma.

Plaintiffs were surreptitiously terminated on a federal and state holiday, on September 2, 2019. Upon termination of the Plaintiffs, Defendants and/or their subordinates acted to eliminate ongoing investigations within DPS and the OHP as required by 43 O.S. §2-117. Elimination of these investigations and interfering with the public policy requirements of 43 O.S. §2-117 were motivating factors in termination of the Plaintiffs, and the stated reason for termination, provided not to

the Plaintiffs but in the media, was pretextual and untrue.

For these reasons, Plaintiffs Rhodes and Harrell present claims for violations of due process under 42 U.S.C. §1983 and the Fourteenth Amendment against the Defendants in their individual capacity, and claims for due process violaitons pursuant to the Oklahoma Constitution, Article II, Section VII. All Plaintiffs present claims for Wrongful Termination in Violation of Oklahoma Public Policy under the Oklahoma Governmental Tort Claims Act, 51 O.S. §151, et seq., and for Tortious Interference with an Employment Relationship against the Defendants, individually. Plaintiffs are seeking appropriate actual, compensatory, and punitive damages where available against individual defendants, and reasonable costs and attorney fees.

Defendants:

Plaintiffs are former at-will employees of the Oklahoma Department of Public Safety ("DPS") who allege their employment relationships with DPS were terminated in 2019 in retaliation for reporting government misconduct.  They brought this lawsuit against Defendants alleging violations of due process under Section 1983 and the Oklahoma Constitution, wrongful termination, and tortious interference. As discussed below, this Court should dismiss the challenged causes of action because they are all fatally flawed, and no amendment can salvage Plaintiffs' defective pleadings.

2.     **JURISDICTION**.   State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has Jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983. This Court has Supplemental Jurisdiction over Plaintiffs' State Law Causes of Action pursuant to 28 U.S.C. §1367.

3.     **STIPULATED FACTS**.   List stipulations as to all facts that are not disputed, including jurisdictional facts.

1.     Defendant State of Oklahoma ex rel The Department of Public Safety is a State Agency located and operating in Oklahoma County, State of Oklahoma.

2.     Defendant State of Oklahoma ex rel Governor Kevin Stitt is the Office of the Chief Executive Officer of the State of Oklahoma, located and operating in Oklahoma County, State of Oklahoma.

3.     The Oklahoma Department of Public Safety is a State Agency, organized

under 47 O.S. §2-101, et seq.

4.      In 2018, Defendant Stitt was a candidate for Governor of the State of Oklahoma, and he was elected into that position on November 6, 2018, but did not take office until January 14, 2019.

5.      This court has proper jurisdiction over Plaintiffs' claims.

4.   **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a.      Plaintiff:

1.      42 U.S.C. §1983 – Substantive Due Process for denial of Plaintiff Rhodes' property interest in continued employment presented against Defendants Stitt, Keating, Claro, and Nelson in their individual capacity.

2.      42 U.S.C. §1983 – Substantive Due Process for denial of Plaintiff Harrell's property interest in continued employment presented against Defendants Stitt, Keating, Claro, and Nelson in their individual capacity. Defendants have not challenged this cause of action in their Motion to Dismiss.

3.      42 U.S.C. §1983 – Procedural Due Process for denial of Plaintiff Rhodes' property interest in continued employment without notice or opportunity for hearing.

4.      42 U.S.C. §1983 – Procedural Due Process for denial of Plaintiff Harrell's property interest in continued employment without notice or opportunity for hearing.

5.      42 U.S.C. §1983 – Substantive Due Process for denial of Plaintiff's liberty interest in their good reputation presented against Defendants Stitt, Keating, Claro, and Nelson in their individual capacity.

6.      Oklahoma Constitution, Article II, Section VII - Substantive Due Process for denial of Plaintiff Rhodes' property interest in continued employment presented against Defendants Stitt, Keating, Claro, and Nelson in their individual capacity. See also *Bosh v. Cherokee County Bldg. Auth.*, 305 P.3d 994, 1001 (Okla. 2013).

7.    Oklahoma Constitution, Article II, Section VII - Substantive Due Process for denial of Plaintiff Harrell's property interest in continued employment presented against Defendants Stitt, Keating, Claro, and Nelson in their individual capacity. See also *Bosh v. Cherokee County Bldg. Auth.*, 305 P.3d 994, 1001 (Okla. 2013).

8.    Wrongful Termination pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. §151,et seq., against the State of Oklahoma ex rel the Office of the Governor of the State of Oklahoma and Kevin Stitt in his capacity as Governor of the State of Oklahoma for termination of Plaintiffs in violation of Oklahoma Public Policy as set forth in 47 O.S. §2-117; 47 O.S. §2-104; and 47 O.S. §2-105. See also *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24 (Okla. 1989).

9.    Tortious Interference with Employment Relationship presented against Defendants Keating, Nelson, and Claro.

10.   Plaintiffs seek actual, compensatory, and punitive damages against individual Defendants and seek actual and compensatory damages allowed under the Oklahoma Governmental Tort Claims Act against defendants, State of Oklahoma ex rel the Office of the Governor of the State of Oklahoma, State of Oklahoma ex rel the Oklahoma Department of Public Safety, and Kevin Stitt in his capacity as Governor of the State of Oklahoma.

11.   Plaintiffs ask the court to award costs and reasonable attorneys' fees.

b.    Defendant:

1.    Defendants deny Plaintiffs' claims and allegations, including Plaintiffs' allegations that they were discharged in violation of federal and state law.

2.    Defendants have failed to state a claim upon which relief can be granted.

3.    Defendants did not engage or knowingly permit conduct in violation of Plaintiffs' rights and deny any such conduct occurred.

4.    Defendants Kevin Stitt, Chip Keating, Jason Nelson, and Joe Claro are entitled to qualified immunity and, thus, cannot be liable for Plaintiffs' alleged damages.

5.      Plaintiffs did not have any property interests in continued employment with DPS.

6.      Plaintiffs were not deprived of any procedural or substantive due process.

7.      Plaintiffs do not have a private right of action for their claims brought pursuant to the Oklahoma Constitution.

8.      Plaintiffs failed to provide the requisite adequate notice under the Government Torts Claim Act.

9.      Plaintiffs were at-will employees, subject to being discharged for any reason or no reason at all.

10.     The decisions to terminate Plaintiffs' employment relationships with DPS were made for legitimate, nondiscriminatory, nonretaliatory reasons, and were not violative of any clear mandate of Oklahoma's public policy.

11.     Plaintiffs' cannot state a valid *Burk* tort claim because an adequate statutory remedy exists to address Plaintiffs' allegations of wrongful termination.

12.     Defendants did not maliciously, wrongfully, or without justification, privilege, or excuse, interfere with Plaintiffs' employment rights.

13.     Plaintiffs have suffered no recoverable damages.

14.     Plaintiffs have failed to mitigate their damages, if any. In the alternative, to the extent Plaintiffs have mitigated their damages, any relief must be decreased by the amount of earnings, compensation, and benefits provided to them during the relevant time.

15.     Defendants are entitled to an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5.  **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
    Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
    
    □ Yes [X] No

6.  **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    Defendants filed a Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) on September 8, 2020. Plaintiffs filed a Response to Defendants' Partial Motion to Dismiss and Alternative Motion for Leave to Amend Complaint on September 29, 2020.

7.  **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   □ Yes    [X] No

    If "no," by what date will they be made?  _November 24, 2020_

8.  **PLAN FOR DISCOVERY**.

    A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on __October 20, 2020__.

    B.  The parties anticipate that discovery should be completed within _10___ months.

    C.  In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? __6 months__.

    D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        [X] Yes      □ No

    E.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        [X] Yes      □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

_____

F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

_____

9.    **ESTIMATED TRIAL TIME**:    __2.5 weeks___

10.    **BIFURCATION REQUESTED**:        □ Yes [X] No

11.    **POSSIBILITY OF SETTLEMENT**:    □ Good        [X] Fair        □ Poor

12.    **SETTLEMENT AND ADR PROCEDURES**:

A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  [X] Yes    □ No

B.    The parties request that this case be referred to the following ADR process:

□ Court-Ordered Mediation subject to LCvR 16.3
[X] Judicial Settlement Conference
□ Other _____
□ None - the parties do not request ADR at this time.

13.    Parties consent to trial by Magistrate Judge?  □ Yes    [X] No

14.    Type of Scheduling Order Requested. [X] Standard - □ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 28th day of October, 2020.

_/S/Dustin J. Hopson_
Counsel for Plaintiff


_/S/Ronald T. Shinn, Jr._
Counsel for Defendant