## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) BILLY D. "RUSTY" RHOADES III, an individual;<br>(2) MEGAN L. SIMPSON, an individual; and<br>(3) MICHAEL S. HARRELL, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>(1) THE STATE OF OKLAHOMA, *ex rel.* GOVERNOR KEVIN STITT;<br>(2) THE STATE OF OKLAHOMA, *ex rel.* THE DEPARTMENT OF PUBLIC SAFETY;<br>(3) KEVIN STITT, an individual;<br>(4) CHIP KEATING, an individual;<br>(5) JASON NELSON, an individual; and<br>(6) JOE CLARO, an individual,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-20-761-R |

## ANSWER OF DEFENDANTS STITT, KEATING, NELSON, AND CLARO TO AMENDED COMPLAINT[1]

For their Answer to Plaintiffs' Amended Complaint, Defendants Kevin Stitt, Chip Keating, Jason Nelson, and Joe Claro state as follows:

## JURISDICTION AND VENUE

1. Upon information and belief, the allegations in Paragraphs 1-3 of the Amended Complaint are admitted.

2. The allegations in Paragraphs 4-9 of the Amended Complaint are admitted.

---

[1] The Court's Order granting in part and denying in part Defendants' Second Partial Motion to Dismiss [ECF No. 24] dismissed all pending claims against the State of Oklahoma, ex rel. Governor Kevin Stitt and Department of Public Safety. The remaining claims, Counts III and VI, are against the individual defendants in their individual capacity only.

3.      The allegations in Paragraph 10 of the Amended Complaint are admitted.

4.      The allegations in Paragraphs 11-12 of the Amended Complaint call for legal conclusions regarding this Court's subject-matter jurisdiction, and no response is required or appropriate.

## ALLEGATIONS OF FACTS

### A.  OKLAHOMA DEPARTMENT OF PUBLIC SAFETY AND REAL ID

5.      The allegations in Paragraphs 13-22 of the Amended Complaint include improper legal conclusions presented as factual allegations and no response is required or appropriate.   Where Plaintiffs quote verbatim from statutes, those statutes speak for themselves and no response is required.   To the extent any response is required as to legal conclusions asserted or implied by Plaintiffs, they are denied.

6.      The allegations in Paragraph 23 and 24 of the Amended Complaint are admitted upon information and belief.

7.      The allegations in Paragraph 25 of the Amended Complaint are denied.

### B. THE PARTIES

8.      Upon information and belief, the allegations in Paragraphs 26-28 are admitted.

9.      The allegations in Paragraph 29 of the Amended Complaint are admitted.

10.      With respect to the allegations in Paragraph 30 of the Amended Complaint, Defendants admit that Gov. Stitt appointed Chip Keating as the Secretary of Public Safety in February 2019.   The remaining allegations in Paragraph 30 call for a legal conclusion and no response is required or appropriate. To the extent a response is required, denied.

2

Except as expressly admitted, denied.

11.     With respect to Paragraph 31 of the Amended Complaint, Defendants deny that Claro was ever specifically assigned to work on the Civil Asset Forfeiture Program. Upon information and belief, the allegations in Paragraphs 31 are admitted.

12.     The allegations in Paragraph 32 are admitted.

### C.        EXPOSURE OF THE CIVIL ASSET FORFEITURE PROGRAM

13.     With respect to the allegations in Paragraphs 33-55 of the Amended Complaint, Defendants Nelson, Keating, and Stitt are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them.

14.     With respect to the same Paragraphs, Defendant Claro denies Plaintiffs' allegation that he never mentioned an issue or problem with the Civil Asset Forfeiture Program (Paragraph 34). Claro further denies that Downs ever produced a memo regarding the Civil Asset Forfeiture Program to him or Young (Paragraph 37). Claro further denies the allegation that he told Downs and Christa Alderman, Assistant General Counsel, "to continue litigating civil asset forfeiture cases despite serious legal deficiencies that violated the constitutional rights of citizens of the United States and the State of Oklahoma" (Paragraph 38).  Claro further denies the allegation that "both Young and Defendant Claro affirmatively blocked efforts to advance concerns about the legal and ethical problems associated with the civil asset forfeiture program" (Paragraph 39). Claro further denies the allegation that at the time mentioned, Alderman was the only attorney who reported to Acting Deputy General Counsel Claro (Paragraph 43). Claro admits in June 2018 he ordered all attorneys activities at Civil Asset Forfeiture be halted, other than the filing of

the withdrawals of previous counsel and new entries of appearance (Paragraph 46).  Claro admits the Downs-Alderman memorandum references a June 12, 2018 Alderman e-mail regarding an asset forfeiture case; however, Claro denies he ever ordered Alderman to seek forfeiture (Paragraph 47).  Claro admits the allegation that Simpson began auditing the Civil Asset Forfeiture cases and files, but denies any issues or problems with Civil Asset Forfeiture was due to any actions by him or Young (Paragraph 48).  As to the remaining allegations in Paragraphs 35-55, Claro is without knowledge or information sufficient to form a belief about the truth of the other and, therefore, denies them.

> **D.  BLACKMAIL BY TROY GERMAN AND SUBSEQUENT INVESTIGATION**

15.  With respect to the allegations in Paragraphs 56-81 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them.

> **E.  EXPOSURE OF CORRUPTION WITHIN OHP AND DPS**

16.  With respect to the allegations in Paragraph 82 of the Amended Complaint, Defendants admit that Gov. Stitt appointed Chip Keating as the Secretary of Public Safety. The remaining allegations in Paragraph 82 call for a legal conclusion and no response is required or appropriate. To the extent a response is required, denied.  Except as expressly admitted, denied.

17.  The allegations in Paragraph 83 of the Amended Complaint are admitted.

18.  With respect to the allegations in Paragraph 84, any criminal case filed against Mr. German is a matter of public record, and such filings speak for themselves and no response is required or appropriate.

19.     With respect to Paragraph 85 of the Amended Complaint, Gov. Stitt admits he announced the re-appointment of Plaintiff Rhoades on or about February 22, 2019. Upon information and belief, Defendants Keating, Nelson, and Claro admit Gov. Stitt announced Rhoades' re-appointment in February 2019.   Except as expressly admitted, denied.

20.     With respect to Paragraphs 86-87 of the Amended Complaint, Defendant Stitt denies the allegation that he did not have concerns about delays with implementation of REAL ID in or around February 2019.  Defendant Stitt also denies that he did not share his concerns about REAL ID with Plaintiff Rhoades.  As to the remaining allegations in Paragraphs 86-87, Defendant Stitt is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies them.  Defendants Nelson, Keating, and Claro are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 86-87 and, therefore, deny them.

21.     Defendant Stitt admits the allegations in Paragraph 88.  Upon information and belief, Defendants Keating, Nelson, and Claro admit the same.

22.     With respect to the allegations in Paragraph 89, any criminal case filed against Mr. German is a matter of public record, and such filings speak for themselves and no response is required or appropriate.

23.     With respect to the allegations in Paragraph 90, Defendant Keating admits that on or about June 21, 2019, he informed Rhoades via telephone that he had met with Mr. James and the then-General Counsel for Governor Stitt regarding the Troy German matter.   Keating denies the allegation that during this phone call with Rhoades, he

"demanded to meet with Plaintiff Simpson and go through the ongoing investigative file." Keating further denies the remaining allegations in Paragraph 90.  Defendants Nelson, Stitt, and Claro are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and, therefore, deny them.  As for the allegation that Defendant Keating lacked authority to engage in certain purported acts, the allegation calls for a legal conclusion and no response is required or appropriate.  To the extent a response is required to the allegation, it is denied.  Except as expressly admitted, denied.

24.    With respect to the allegations in Paragraphs 91-95 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them.

25.    With respect to the allegations in Paragraph 96 of the Amended Complaint, Defendant Keating denies the allegations. Defendants Stitt, Nelson, and Claro are without sufficient are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them.

26.    The allegations in Paragraph 97 of the Amended Complaint include improper legal conclusions presented as factual allegations and no response is required or appropriate.  To the extent any response is required, denied.

27.    With respect to Paragraph 98 of the Amended Complaint, Defendants Nelson, Keating and Stitt are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them.  Defendant Claro denies the allegations.

28.    With respect to Paragraph 99 of the Amended Complaint, Defendants Nelson, Keating and Stitt are without knowledge or information sufficient to form a belief about the

truth of the allegations and, therefore, deny them.  Defendant Claro admits the first two statements attributed to him, but denies that he said "There are other unapproved terminations the governor doesn't know about."   Claro further lacks knowledge or information sufficient to form a belief about who was present at the time the first two statements were made.  Except as expressly admitted, Claro denies the allegations.

29.    With respect to Paragraph 100 of the Amended Complaint, Defendant Keating denies the allegations.  Defendants Nelson, Stitt, and Claro are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them.

30.    The allegations in Paragraph 101 of the Amended Complaint are denied by Defendants Stitt, Keating and Nelson, and Defendant Claro is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies them.

31.    The allegations in Paragraph 102 of the Amended Complaint are denied.

## F.    TERMINATION OF PLAINTIFFS

32.    With respect to Paragraphs 103-107 of the Amended Complaint, Defendants Stitt, Keating, and Claro state they are without are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them. Defendant Nelson admits the allegations in Paragraphs 103-104.  With respect to Paragraph 105, the allegations contained therein assert an inference drawn by Plaintiffs for which no response is required. To the extent a response is required, denied.  Defendant Nelson admits the allegations in Paragraphs 106-107. Except as expressly admitted, denied.

33.     The allegations in Paragraphs 108-110 of the Amended Complaint are denied.

34.     The allegations in Paragraphs 111-113 of the Amended Complaint are denied.

35.     With respect to the allegations in Paragraph 114 of the Amended Complaint, Defendants Stitt, Keating, and Nelson admit that Defendant Stitt made the decision to terminate Plaintiffs, based on consultations and discussions with Defendant Keating and others.  Defendant Claro denies that he had any involvement in the decision to terminate Plaintiffs and is without knowledge of same.  Except as expressly admitted, denied.

36.     The allegations in Paragraph 115 of the Amended Complaint are denied.

37.     With respect to the allegations in Paragraphs 116-117 of the Amended Complaint, any news articles printed in the Daily Oklahoman speak for themselves and no response is required.  To the extent any response is required, denied.  Defendant Stitt specifically denies the allegation that he knowingly made false and misleading statements regarding Plaintiffs.  Defendants Nelson, Keating, and Claro are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them.  Unless expressly admitted, denied.

38.     With respect to the allegations in Paragraph 118 of the Amended Complaint, Defendants admit that Plaintiffs were not given an opportunity to remain employed with DPS after they were terminated.  Defendants specifically deny that Plaintiffs' terminations were "in violation of their rights." Except as expressly admitted denied.

39.     With respect to the allegations in Paragraphs 119 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny them.

40.     With respect to the allegations in Paragraph 120 of the Amended Complaint, Defendants Nelson, Keating and Stitt deny the allegations. Defendant Claro is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies them.

41.     The allegations in Paragraph 121 of the Amended Complaint are denied.

42.     With respect to the allegations in Paragraphs 122-131 of the Amended Complaint, Defendants admit that Plaintiffs Rhoades and Harrell were not permitted to remain employed by DPS when they were terminated. The allegations in Paragraphs 122-131 include improper legal conclusions presented as factual allegations and no response is required or appropriate.  Where Plaintiffs quote verbatim from statutes, those statutes speak for themselves and no response is required.  To the extent any response is required as to legal conclusions asserted or implied by Plaintiffs, they are denied. Except as expressly admitted, denied.

### G.     OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT NOTICE REQUIREMENT

43.      Except as to Plaintiffs' allegation that this lawsuit was timely filed, which is a legal conclusion requiring no response, the allegations in Paragraphs 132-134 are admitted.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION – 42 U.S.C. §1983 (DUE PROCESS)

44.     Plaintiffs' First Cause of Action has been dismissed, and therefore no response is required to Paragraphs 135-144 of the Amended Complaint. To the extent Plaintiffs allege improper legal conclusions, including as it relates to the Court's subject-

matter jurisdiction, no response is required or appropriate. To the extent any response is required, the allegations contained in those paragraphs are denied.

## SECOND CAUSE OF ACTION – OKLAHOMA CONSTITUTION, ARTICLE II, SECTION VII (DUE PROCESS)

45.     Plaintiffs' Second Cause of Action has been dismissed, and therefore no response is required to Paragraphs 145-153 of the Amended Complaint. To the extent Plaintiffs allege improper legal conclusions, including as it relates to the Court's subject-matter jurisdiction, no response is required or appropriate. To the extent any response is required, the allegations contained in those paragraphs are denied.

## THIRD CAUSE OF ACTION – 42 U.S.C. §1983 (DUE PROCESS)

46.     Defendants generally deny the allegations contained in Paragraphs 154-163. To the extent Plaintiffs allege improper legal conclusions, including as it relates to the Court's subject-matter jurisdiction, no response is required or appropriate. To the extent any response is required, the allegations contained in those paragraphs are denied.

## FOURTH CAUSE OF ACTION – OKLAHOMA CONSTITUTION, ARTICLE II, SECTION VII (DUE PROCESS)

47.     Plaintiffs' Fourth Cause of Action has been dismissed, and therefore no response is required to Paragraphs 164-172 of the Amended Complaint. To the extent Plaintiffs allege improper legal conclusions, including as it relates to the Court's subject-matter jurisdiction, no response is required or appropriate. To the extent any response is required, the allegations contained in those paragraphs are denied.

## FIFTH CAUSE OF ACTION – 51 O.S. §151, et seq. – GTCA (Wrongful Termination)

48.     Plaintiffs' Fifth Cause of Action has been dismissed, and therefore no

response is required to Paragraphs 173-177 of the Amended Complaint. To the extent Plaintiffs allege improper legal conclusions, including as it relates to the Court's subject-matter jurisdiction, no response is required or appropriate. To the extent any response is required, the allegations contained in those paragraphs are denied.

**SIXTH CAUSE OF ACTION – Tortious Interference with Employment Relationship**

49.     Defendants generally deny the allegations contained in Paragraphs 178-184. To the extent Plaintiffs allege improper legal conclusions, including as it relates to the Court's subject-matter jurisdiction, no response is required or appropriate. To the extent any response is required, the allegations contained in those paragraphs are denied.

**SEVENTH CAUSE OF ACTION – 42 U.S.C. §1983 (DUE PROCESS)**

50.     Plaintiffs' Seventh Cause of Action has been dismissed, and therefore no response is required to Paragraphs 185-198 of the Amended Complaint. To the extent Plaintiffs allege improper legal conclusions, including as it relates to the Court's subject-matter jurisdiction, no response is required or appropriate. To the extent any response is required, the allegations contained in those paragraphs are denied.

51.     Defendants further deny that Plaintiffs are entitled to any relief sought in their "prayer for relief."

**<u>DEFENSES</u>**

In addition to the denials set forth above, Defendants assert the following defenses, some of which may be affirmative defenses. These defenses do not constitute admissions and are not meant to relieve Plaintiffs of the full burden of proving each and every element of their claims.

11

1.     Plaintiffs fail to state a claim for which relief can be granted.

2.     Plaintiff Harrell's Section 1983 claim may be defeated in whole, or in part, due to the doctrine of qualified immunity.

3.     Plaintiff Harrell's Section 1983 claim may be defeated in whole, or in part, because he has not asserted a violation of a constitutional right to due process.

4.     Plaintiff Harrell's Section 1983 claim may be defeated in whole, or in part, because he does not have a property interest in continued employment at DPS.

5.     Plaintiffs' tortious interference claim may be defeated in whole, or in part, because Defendants did not interfere with Plaintiffs' employment.

6.     Plaintiffs' tortious interference claim may be defeated in whole, or in part, because Defendants did not act with malice.

7.     Plaintiffs' tortious interference claim may be defeated in whole, or in part, because Defendants were acting within the scope of their employment.

8.     Plaintiffs' tortious interference claim may be defeated in whole, or in part, because Defendants' conduct was privileged.

9.     Plaintiffs' tortious interference claim may be defeated in whole, or in part, because truth is a complete defense.

10.    Defendants assert any and all available defenses under the Oklahoma Governmental Tort Claims Act. *See* 51 Okla. Stat. § 151 *et seq.*

11.    Defendants reserve the right to supplement and amend these defenses as discovery warrants.

WHEREFORE, Defendants pray that Plaintiffs take nothing and that judgment be

entered in Defendants' favor on all of Plaintiffs' claims, and that Defendants be awarded

any and all relief to they are entitled, including attorney's fees and costs.

Respectfully submitted,

*/s/ Michael A. Duncan*
W. Kirk Turner, OBA No. 13791
Jacob S. Crawford, OBA # 31031
MCAFEE & TAFT, A PROFESSIONAL
CORPORATION
Two West Second Street, Suite 1100
Tulsa, Oklahoma  74103
Telephone (918) 587-0000
Facsimile (918) 599-9317
kirk.turner@mcafeetaft.com
jake.crawford@mcafeetaft.com

Ronald T. Shinn, Jr., OBA # 19569
Michael A. Duncan, OBA # 32382
MCAFEE & TAFT, A PROFESSIONAL
CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439
ron.shinn@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2021, I transmitted the foregoing
document to the Clerk of Court using the ECF System for filing and transmittal of a Notice
of Electronic Filing to the following ECF registrants:

Dustin J. Hopson, Esq.
Hopson Legal, LLC
512 NW 12th Street
Oklahoma City, OK  73103
dustin@hopsonlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Michael A. Duncan*