IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) BILLY D. "RUSTY" RHOADES III, an individual;<br>2) MEGAN L. SIMPSON, an individual; and<br>3) MICHAEL S. HARRELL, an individual;<br><br>                  Plaintiffs,<br>vs.<br><br>1) THE STATE OF OKLAHOMA ex rel GOVERNOR KEVIN STITT;<br>2) THE STATE OF OKLAHOMA ex rel THE OKLAHOMA DEPARTMENT OF PUBLIC SAFETY;<br>3) KEVIN STITT, an individual;<br>4) CHIP KEATING, an individual;<br>5) JASON NELSON, an individual; and<br>6) JOE CLARO, an individual,<br><br>                  Defendants. | Case No.: CIV-20-761-G<br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:        May 4, 2021 at 9:00 am

Appearing for Plaintiff:        Dustin J. Hopson, OBA #19485
Hopson Legal LLC
119 N. Robinson Ave., #650
Oklahoma City, OK 73102
Telephone: (405) 673-7560
Email: dustin@hopsonlawfirm.com

Appearing for Defendant:        Ronald T. Shinn Jr., OBA # 19569
Michael A. Duncan, OBA # 32382
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
ron.shinn@mcafeetaft.com
alex.duncan@mcafeetaft.com

W. Kirk Turner, OBA # 13791
Jacob S. Crawford, OBA # 31031
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
Two West Second Street, Suite 1100

Tulsa, Oklahoma  74103
Telephone (918) 587-0000
Facsimile (918) 599-9317
kirk.turner@mcafeetaft.com
jake.crawford@mcafeetaft.com

**Jury Trial Demanded [X]  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

**Plaintiffs:**

Plaintiffs are former at-will employees of the Oklahoma Department of Public Safety ("DPS") who allege their employment relationships with DPS were terminated in 2019 in retaliation for reporting government misconduct. Plaintiff Harrell presents a claim pursuant to 42 U.S.C. §1983 against all Defendants, as he had a property interest in continued employment set forth under 47 O.S. §20105, which conferred upon him a right against deprivation of such interest without due process under the Fourteenth Amendment to the United States Constitution, and under the Oklahoma Constitution, and all Plaintiffs present claims against Defendants Keating, Claro, and Nelson for tortious interference with an employment relationship.

**Defendants:**

Plaintiffs are former at-will employees of DPS who were terminated in 2019 not because they purportedly reported government misconduct, but because they themselves were engaged in wrongful behavior. All but two of Plaintiffs' originally pleaded claims were dismissed by the Court on Defendants' partial motion to dismiss. Defendants deny liability on Plaintiffs' two remaining claims—Harrell's Section 1983 claim and Plaintiffs' tortious interference claim (both against the remaining individual Defendants). Harrell's Section 1983 claim fails because he was a purely executive branch officer who was terminated by Governor Stitt and therefore did not have a cognizable property interest in continued employment under Oklahoma law. In addition, the statute relied on by Harrell does not create a property interest. In the alternative, Defendants have qualified immunity for any purported violation of any right purportedly conferred by the statute. As for Plaintiffs' tortious interference claim, Defendants Keating, Claro, and Nelson deny that they interfered with Plaintiffs' employment or that they acted with the requisite malicious intent.  Further Defendants Keating, Claro, and Nelson were at all times acting within the scope of their employment and

therefore are immune from liability under, *inter alia*, the Oklahoma Governmental Tort Claim Act.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    This Court has Jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983. This Court has Supplemental Jurisdiction over Plaintiffs' State Law Causes of Action pursuant to 28 U.S.C. §1367.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

    1. The Oklahoma Department of Public Safety is a State Agency, organized under 47 O.S. §2-101, et seq.

    2. In 2018, Defendant Stitt was a candidate for Governor of the State of Oklahoma, and he was elected into that position on November 6, 2018, but did not take office until January 14, 2019.

    3. This court has proper jurisdiction over Plaintiffs' claims.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a. **Plaintiff:**

        1. 42 U.S.C. §1983 – Substantive Due Process for denial of Plaintiff Harrell's property interest in continued employment presented against Defendants Stitt, Keating, Claro, and Nelson in their individual capacity. Defendants have not challenged this cause of action in their Motion to Dismiss.

        2. 42 U.S.C. §1983 – Procedural Due Process for denial of Plaintiff Harrell's property interest in continued employment without notice or opportunity for hearing presented against Defendants Stitt, Keating, Claro, and Nelson in their individual capacity. Defendants have not challenged this cause of action in their Motion to Dismiss.

        3. Tortious Interference with Employment Relationship presented

        against Defendants Keating, Nelson, and Claro on behalf of all Plaintiffs.

4. Plaintiffs seek actual, compensatory, and punitive damages against individual Defendants and seek actual and compensatory damages allowed under the Oklahoma Governmental Tort Claims Act against defendants.

5. Plaintiffs ask the court to award costs and reasonable attorneys' fees.

b. **Defendant:**

1. Defendants deny Plaintiffs' claims and allegations, including Plaintiffs' allegations that they were discharged in violation of federal and state law.

2. Defendants have failed to state a claim upon which relief can be granted.

3. Defendants did not engage or knowingly permit conduct in violation of Plaintiffs' rights and deny any such conduct occurred.

4. Defendants Kevin Stitt, Chip Keating, Jason Nelson, and Joe Claro are entitled to qualified immunity and, thus, cannot be liable for Plaintiffs' alleged damages.

5. Plaintiff Harrell does not have any property interests in continued employment with DPS.

6. Plaintiff Harrell was not deprived of any procedural or substantive due process.

7. Plaintiffs failed to provide the requisite adequate notice under the Government Torts Claim Act.

8. Plaintiffs were at-will employees, subject to being discharged for any reason or no reason at all.

9. The decisions to terminate Plaintiffs' employment relationships with DPS were made for legitimate, nondiscriminatory, nonretaliatory reasons, and were not violative of any clear mandate of Oklahoma's public policy.

10. Defendants did not maliciously, wrongfully, or without justification, privilege, or excuse, interfere with Plaintiffs' employment rights.

11. Plaintiffs have suffered no recoverable damages.

12. Plaintiffs have failed to mitigate their damages, if any. In the alternative, to the extent Plaintiffs have mitigated their damages, any relief must be decreased by the amount of earnings, compensation, and benefits provided to them during the relevant time.

13. Plaintiffs' tortious interference claim may be defeated in whole, or in part, because Defendants did not act with malice.

14. Plaintiffs' tortious interference claim may be defeated in whole, or in part, because Defendants were acting within the scope of their employment.

15. Plaintiffs' tortious interference claim may be defeated in whole, or in part, because Defendants' conduct was privileged.

16. Plaintiffs' tortious interference claim may be defeated in whole, or in part, because truth is a complete defense.

17. Defendants assert any and all available defenses under the Oklahoma Governmental Tort Claims Act. *See* 51 Okla. Stat. § 151 *et seq*.

18. Defendants are entitled to an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
   □ Yes [X] No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   There are currently no motions pending. Defendants anticipate filing a motion for summary judgment.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   □ Yes   [X] No

If "no," by what date will they be made?  _May 21, 2021_

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on __October 20, 2020__.

   B. The parties anticipate that discovery should be completed within _10_ months.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?  __6 months__.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      [X] Yes    □ No

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

      [X] Yes    □ No

      To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

      The parties agree that no waiver of privilege will occur if privileged documents are inadvertently produced during this litigation. The parties further agree that if a party inadvertently produces what it believes to be privileged documents the producing party may provide written notice to the receiving party. Such notice shall specifically identify the inadvertently produced documents.  Within ten (10) days of receiving such notice, the receiving party shall return or destroy the inadvertently produced documents and provide the producing party with written confirmation of same.  The receiving party reserves all rights to challenge the privileged status of any documents "clawed back" according to the foregoing procedure.

_____

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

        _____

9.    **ESTIMATED TRIAL TIME**:  7 days.

10.    **BIFURCATION REQUESTED**:    ☐ Yes [X] No

11.    **POSSIBILITY OF SETTLEMENT**:    ☐ Good    [X] Fair    ☐ Poor

12.    **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  [X] Yes   ☐ No

    B.    The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        [X] Judicial Settlement Conference
        ☐ Other _____
        ☐ None - the parties do not request ADR at this time.

13.    Parties consent to trial by Magistrate Judge?   ☐ Yes   [X] No

14.    Type of Scheduling Order Requested.  [X] Standard -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th day of April, 2021.

                                     s/Dustin J. Hopson_____
                                    Dustin J. Hopson, OBA No. 19485
                                    119 N. Robinson Ave., #650
                                    Oklahoma City, OK 73102
                                    Telephone: (405) 673-7560
                                    Email: dustin@hopsonlawfirm.com
                                    ATTORNEY FOR PLAINTIFFS

*/s/ Michael A. Duncan*
W. Kirk Turner, OBA No. 13791
Jacob S. Crawford, OBA # 31031
MCAFEE & TAFT, A PROFESSIONAL CORPORATION
Two West Second Street, Suite 1100
Tulsa, Oklahoma  74103
Telephone (918) 587-0000
Facsimile (918) 599-9317
kirk.turner@mcafeetaft.com
jake.crawford@mcafeetaft.com

Ronald T. Shinn, Jr., OBA # 19569
Michael A. Duncan, OBA # 32382
MCAFEE & TAFT, A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439
ron.shinn@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS**