## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY D. "RUSTY' RHOADES III, an individual; MEGAN L. SIMPSON, an individual; and MICHAEL S. HARRELL, an individual, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  CIV-20-761-R |
| THE STATE OF OKLAHOMA, ex rel. GOVERNOR KEVIN STITT; THE STATE OF OKLAHOMA, ex rel. THE DEPARTMENT OF PUBLIC SAFETY; KEVIN STITT, an individual; CHIP KEATING, an individual; JASON NELSON, an individual; and JOE CLARO, an individual, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion for Summary Judgment (Doc. No. 63) filed by Defendants Chip Keating and Jason Nelson.[1] Plaintiffs Rhoades and Simpson responded in opposition (Doc. No. 71)[2] and Defendants filed a Reply in support of their motion. (Doc. No. 75). Upon consideration of the parties' submissions, the Court finds as follows.

---

[1] As with the Motion for Summary Judgment filed by Defendant Stitt, Defendants' Motion does not comply with Local Civil Rule 56.1 The Court has limited its factual consideration to the facts set forth in the Statement of Undisputed Material Fact to the extent those facts are supported by the cited evidence.

[2] Although page 1 of Plaintiffs' Response Brief indicates it is being filed on behalf of Rhoades and Simpson, the Court assumes the brief was intended to be filed on behalf of all Plaintiffs, as it does reference Harrell's claims.

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex*, 477 U.S. at 322.

This case arises from the Plaintiffs' separation from their positions within the Department of Public Safety—Rhoads and Simpson—and from the Oklahoma Highway Patrol—Harrell. On September 2, 2019, each was contacted individually by Defendant Nelson, operating under authority delegated to him by Governor Stitt, and given the option of resigning, retiring if eligible, or being terminated. Among the claims alleged in the Amended Complaint are a due process claim by Plaintiff Harrell against Defendants Stitt, Keating, and Nelson (Third Cause of Action) and a claim for tortious interference (Sixth Cause of Action) by each of the Plaintiffs against Defendants Keating and Nelson. Defendants Keating and Nelson seek summary judgment on both claims.

The elements for the common law tort of intentional interference with a contractual or business relationship are: (1) interference with a business or contractual right; (2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and

(3) damage proximately sustained as a result of the interference. *Tuffy's, Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1165 (Okla. 2009). Defendants seek summary judgment on this claim arguing that each was acting in accord with his statutory duties as an agent of the State and interference must come from a third party, not an agent of the employer. *See Martin v. Johnson*, 975 P.2d 889, 896 (Okla. 1998). Defendants acknowledge the exception to this rule, that an agent may be liable for tortious interference when he acts in his own interest and against the interest of his employer, *id.*, but argues that Plaintiff lacks evidence to support such a finding.

> Oklahoma courts have routinely held that one who is acting in a representative capacity for a party to a contract cannot be liable for wrongful interference—absent an allegation that the representative was acting outside the scope of its agency and contrary to the interests of the principal employer. *See, e.g., Martin v. Johnson*, 1998 OK 127, ¶ 30, 975 P.2d 889, 896; *Grillot v. Oklahoma ex rel. Univ. of Okla. Bd. of Regents*, No. CIV-19-0241-F, 2019 WL 3558183, at *3–4 (W.D. Okla. Aug. 5, 2019). There must be evidence that the defendant "acted in bad faith and contrary to the interests of his or her employer. The standard requires more than proof of bad faith. A plaintiff must show that the agent or employee was acting to further his or her own interests." *Graham v. Cargill, Inc.*, No. CIV–10–0977–HE, 2011 WL 5429316, at *3 (W.D. Okla. Nov. 9, 2011) (internal citations omitted); see also Martin, 1998 OK 127, ¶ 32 ("It is fundamental that an employee or agent must act in good faith and in the interest of the employer or principal. If an employee acts in bad faith and contrary to the interests of the employer in tampering with a third party's contract with the employer we can divine no reason that the employee should be exempt from a tort claim for interference with contract.").

*Tufaro v. State of Oklahoma*, No. CIV-20-1138-J, 2023 WL 2608878, *6 (W.D.Okla. Feb. 21, 2023). The Court has reviewed the evidence presented in the light most favorable to Plaintiffs and finds that Defendants Keating and Nelson are entitled to summary judgment on Plaintiffs' tortious interference claim.

Plaintiffs attempt to craft a tale of a widespread conspiracy within the Oklahoma Highway Patrol, which operates as part of the Department of Public Safety. The conspiracy involves allegations that Plaintiff Harrell aided a promotion candidate by providing him with information about what topics would be covered on the exam and efforts to allegedly blackmail Defendant Rhoades by threatening to report the cheating if certain people were not promoted. The alleged perpetrator of the blackmail was indicted by a multi-county grand jury after Oklahoma County District Attorney David Prater declined to press charges, but the charges were dropped allegedly at the request of the Patrol, which Plaintiffs deny. Plaintiffs further contend that the public explanation for their termination, perceived delays in implementation of REAL-ID in Oklahoma, was a false narrative created to cover up the nefarious decision to relieve them of their positions.

The shortcoming in all of the evidence, however, is the absence of anything beyond speculation that either Defendant Keating or Defendant Nelson acted in bad faith, that is, in his own best interest. Plaintiff Rhoades offered the following testimony in his deposition:

> Q:     All right. What motive would Mr. Keating have - - or what motive do you allege Mr. Keating had in participating in this cover-up?
>
> A:     Well, first, that question is probably best addressed to Chip Keating. But it was, as stated, to protect friends or acquaintances that were potentially going to be in trouble for illegal - - illegal actions and significant policy violations.

Doc. No. 71-1, p. 21. Plaintiff's testimony, however, is nothing more than speculation. First, the Court notes that it is undisputed that Governor Stitt made the decision to terminate all three Plaintiffs. That Defendant Keating may have provided information to Governor

4

Stitt, via Stitt's staff members,[3] does not mean that he "interject[ed] [himself] into the personnel decisions of DPS." (Doc. No. 71, p. 20). Additionally, the Governor's delegation of the authority to Defendant Nelson to effectuate the termination of Plaintiffs does not transform Nelson's actions into actions taken in furtherance of his own interests. Although Plaintiffs characterize the inferences to be drawn from their evidence as reasonable, the Court disagrees. Supposition about what "would have" motivated Defendant Keating or Nelson is not admissible nor does the evidence support the inference Plaintiffs request that the Court draw.

That Plaintiff Harrell was not offered the right to revert to the position as major in the Highway Patrol also does not take Defendants' actions outside the scope of their employment. "The fact that [a] Supervisor's decision to terminate [an employee] was contrary to policy prohibiting termination does not alone take that decision outside the scope of [the] Supervisor's employment." *Shephard v. CompSource Oklahoma*, 209 P.3d 288, 294 (Okla. 2009). Accordingly, the failure by Defendant Nelson to offer that opportunity does not support the denial of summary judgment on the tortious interference claim.

---

[3] The Plaintiffs argue that without information about what the Governor was told, how he processed that information, and what facts led to his decision, issues that cannot be resolved while the question of whether deposing the governor remains outstanding, summary judgment is inappropriate. However, as noted above, there is no evidence that Defendant Keating communicated directly with the Governor. Plaintiffs could have taken the depositions of the conduit advisors to Governor Stitt and inquired about what information they received from Defendant Keating and in turn conveyed to Governor Stitt. Because the Governor is not a defendant to the tortious interference claim, his thought process is irrelevant to the outcome of this claim against Defendants Keating and Nelson. Furthermore, there is no indication that Defendant Nelson played any role in the separation decisions, other than to provide information to Keating after his conversation with David Prater and in serving as the message bearer.

The Court finds that Plaintiffs have failed to present sufficient evidence to support their claim for tortious interference against either Defendant Keating or Defendant Nelson. Accordingly, Defendants' motion is granted as to the Sixth Cause of Action.

As to Plaintiff Harrell's due process claim, Defendants Keating and Nelson merely adopted Defendant Stitt's motion for summary judgment. By separate order the Court denied qualified immunity to Governor Stitt and because Defendants so limited their arguments, the Court has no additional basis on which to grant summary judgment.

For the reasons set forth herein, the motion for summary judgment filed by Defendants Keating and Nelson is granted in part and denied in part.

**IT IS SO ORDERED** this 30th day of March 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE