UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BILLY D. "RUSTY" RHOADES III, an individual;<br>(2) MEGAN L. SIMPSON, an individual; and<br>(3) MICHAEL S. HARRELL, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>(1) THE STATE OF OKLAHOMA, *ex rel.* GOVERNOR KEVIN STITT;<br>(2) THE STATE OF OKLAHOMA, *ex rel.* THE DEPARTMENT OF PUBLIC SAFETY;<br>(3) KEVIN STITT, an individual;<br>(4) CHIP KEATING, an individual;<br>(5) JASON NELSON, an individual; and<br>(6) JOE CLARO, an individual,<br><br>    Defendants. | Case No. CIV-20-761-R |

**DEFENDANTS' FIRST MOTION IN LIMINE REGARDING PUNITIVE DAMAGES AND THE FINANCIAL CONDITION OF DEFENDANTS**

  Defendants Chip Keating ("Keating"), Jason Nelson ("Nelson"), and Kevin Stitt ("Governor Stitt") (collectively, "Defendants") move the Court to exclude any references by counsel, questioning, testimony, and exhibits regarding the financial condition, assets, and net worth of Defendants. Such testimony is irrelevant given that punitive damages are inappropriate in this case, at least during the liability phase of trial. If the Court determines a punitive damages phase at trial is appropriate, however, financial condition evidence is irrelevant to the liability stage of trial and would be unfairly prejudicial to Defendants. The Court should also exclude references by counsel, questioning, testimony, and exhibits

regarding punitive damages before liability is determined by the jury at trial. In support of this Motion, Defendants state:

1. In this action, Plaintiff Harrell has sued Defendants and seeks actual damages and punitive damages related to his cause of action under 42 U.S.C. § 1983.

2. The purpose of punitive damages is to punish a defendant for specific conduct. *F.D.I.C. v. Hamilton*, 122 F.3d 854, 860 (10th Cir. 1997). Specifically for cases such as this, the Tenth Circuit has repeatedly stated that "[p]unitive damages are available in § 1983 actions [and] are to be awarded only when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1308 (10th Cir. 2003) (quoting *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992)) (alterations in original). Whether the party has met this burden and a jury should be allowed to consider punitive damages is a question of law to be determined by the trial judge. *Juarez v. ACS Gov't Sols. Grp., Inc.*, 314 F.3d 1243, 1246 (10th Cir. 2003); *see also Youren*, 343 F.3d at 1307 (stating that the determination of whether sufficient evidence exists so that a jury may consider punitive damages is a question of law).

3. An award of punitive damages is not warranted in this case when a defendant's conduct does not rise to malice or reckless disregard—and the Plaintiff here cannot demonstrate otherwise. Because there have been no assertions or evidence provided that Defendants acted with malice or reckless disregard, punitive damages are inappropriate. As such, evidence of Defendants' financial condition is irrelevant and

inapplicable to the asserted professional negligence claim. Evidence and references to Defendants' financial condition should be excluded.

    4.     If the Court determines that the viability of punitive damages claim should instead be evaluated at trial, however, information relating to Defendants' financial condition is still irrelevant to the first stage of the trial, *i.e.*, the liability stage. Federal law gives broad discretion to federal district courts in determining whether to bifurcate the trial into a liability phase and a punitive damages phase. *See* Fed. R. Civ. P. 42(b); *Green Const. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993). In the first stage, a jury determines fact questions relevant to the defendant's liability. *See Houchin v. Hartford Life Ins. Co.*, CIV-14-522-D, 2016 WL 126879, at *1 (W.D. Okla. Jan. 11, 2016) In the second stage, the jury considers whether punitive damages are available and whether "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Youren*, 343 F.3d at 1308. Parties may only present evidence to the jury relating to the amount of punitive damages during the *second stage* of the trial because the two stages are treated as "separate evidentiary trials." *See Houchin*, 2016 WL 126879 at *1-*2. Several other district courts follow this same bifurcation practice concerning § 1983 claims. *See James v. Wilber*, 1:08-CV-00351-SKO PC, 2012 WL 6607290, at *1 (E.D. Cal. Dec. 18, 2012) (stating "the general practice of the Court is to bifurcate the punitive damages phase in actions such as this."); *Ejchorszt v. Daigle*, CIVA.302CV01350(CFD), 2009 WL 1687930, at *1 (D. Conn. June 16, 2009) (bifurcating the trial when the cause of action concerned Section 1983);

*T.D.W. v. Riverside Cnty.*, EDCV 08-232CAS(JWJX), 2009 WL 2252072, at *9 (C.D. Cal. July 27, 2009) (same).

5. Until the jury has decided liability and awards Plaintiff actual damages, references to punitive damages and evidence relating to the various factors to be considered for an award of punitive damages, including the financial condition of Defendants, would be wholly irrelevant to the question of liability. Accordingly, such evidence should be excluded from the liability stage of trial. *See* Fed. R. Evid. 402. Moreover, references and evidence relating to the punitive damages and financial condition should be excluded because any probative value would be substantially outweighed by considerations of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403. In other words, evidence relating to Defendants' financial condition, including their revenues, profits, or any other data found in financial statements, would only confuse the presentation of evidence as to liability and actual damages and would needlessly prolong the liability stage of trial. Consequently, such evidence should be excluded unless and until: (1) the jury finds that Defendants are liable under 42 U.S.C. § 1983; (2) the jury awards actual damages to Plaintiff; and (3) the Court allows the case to proceed to the punitive damages stage. *See Myers*, 609 F. Supp. 3d 1232.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request the Court exclude any references, questioning, or testimony relating to punitive damages and the financial condition of Defendants unless and until liability has been established and the Court determines the trial should proceed to the punitive damages phase.

Dated this March 31, 2023,

        Respectfully submitted,

        *s/ Michael A. Duncan*
        W. Kirk Turner, OBA # 13791
        Jacob S. Crawford, OBA # 31031
        MCAFEE & TAFT A PROFESSIONAL CORPORATION
        Two West Second Street, Suite 1100
        Tulsa, Oklahoma 74103
        Telephone (918) 587-0000
        Facsimile (918) 599-9317
        kirk.turner@mcafeetaft.com
        jake.crawford@mcafeetaft.com

        Ronald T. Shinn, Jr., OBA # 19569
        Michael A. Duncan, OBA # 32382
        Jennie Mook, OBA #34727
        MCAFEE & TAFT A PROFESSIONAL CORPORATION
        211 North Robinson, 8th Floor
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-9621
        Facsimile: (405) 235-0439
        ron.shinn@mcafeetaft.com
        alex.duncan@mcafeetaft.com
        jennie.mook@mcafeetaft.com

        **ATTORNEYS FOR DEFENDANTS**