# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) BILLY D. "RUSTY" RHOADES III, an individual;<br>(2) MEGAN L. SIMPSON, an individual; and<br>(3) MICHAEL S. HARRELL, an individual,<br><br>        Plaintiffs,<br><br>v.<br><br>(1) THE STATE OF OKLAHOMA, *ex rel.* GOVERNOR KEVIN STITT;<br>(2) THE STATE OF OKLAHOMA, *ex rel.* THE DEPARTMENT OF PUBLIC SAFETY;<br>(3) KEVIN STITT, an individual;<br>(4) CHIP KEATING, an individual;<br>(5) JASON NELSON, an individual; and<br>(6) JOE CLARO, an individual,<br><br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. CIV-20-761-R |

## FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiff:        Dustin J. Hopson, OBA #19485
Amy S. Neathery, OBA #20344
Hopson Legal LLC
119 N. Robinson Ave., #650
Oklahoma City, OK 73102
Telephone: 405-673-7560
Email: dustin@hopsonlawfirm.com
Email: amy@hopsonlawfirm.com

Appearing for Defendants:        Ronald T. Shinn Jr., OBA #19569
Michael A. Duncan, OBA #32382
Jennie Mook, OBA #34727
McAfee & Taft A Professional Corporation

8th Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, Oklahoma  73102
Telephone:  (405) 235-9621
Email:  ron.shinn@mcafeetaft.com
Email:  alex.duncan@mcafeetaft.com
Email:  jennie.mook@mcafeetaft.com

**Jury Trial Demanded** [X] **-  Non-Jury Trial** □

1.    <u>BRIEF PRELIMINARY STATEMENT</u>. State <u>briefly</u> and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

Plaintiffs:

This case arises from the termination of the Plaintiff, Michael Harrell, from his position as the Chief of the Oklahoma Highway Patrol, a division of the Oklahoma State Department of Public Safety. The Plaintiff was terminated over Labor Day Weekend in 2019, as the result of efforts by the Defendants to decapitate the heads of the state agency, so that Defendant Stitt could exercise greater control of the agency and to prevent the exposure of corrupt activity within the Oklahoma Highway Patrol. Defendants intervened in ongoing investigations against several Oklahoma Highway Patrol Troopers and acted to terminate the Plaintiff and others. Plaintiff asserts the reason he was terminated and/or coerced into retirement, as will be offered by the Defendants, are pretextual and untrue. Under Oklahoma State law, it is a requirement that the Chief of the Oklahoma State Highway Patrol be returned to the highest ranked position he held prior to accepting the position as Chief of Patrol. That statute creates a property interest in future employment for the Chief of Patrol, and under the Fourteenth Amendment Due Process Clause of the United States Constitution, a person cannot deprive another of that interest without due process. Plaintiff asserts that because he was never offered or allowed to return to the position he previously held, that of Major within the Oklahoma Highway Patrol, he was denied his property interest of expected future employment in violation of the Constitution of the United States, and he asserts that he is entitled to recover damages he suffered because of the violation of his rights. Further, Plaintiff alleges the Defendants were reckless and/or callously indifferent to his right to ongoing employment, and that he is entitled to an award of punitive damages against the Defendants.

Defendants:

Plaintiff is the former Chief of the Oklahoma Highway Patrol.  Through 2019, for a variety of reasons, Defendant Governor Kevin Stitt increasingly lost confidence in Plaintiff's ability to continue leading the Oklahoma Highway Patrol and on Monday, September 2, 2019, the Governor directed and authorized Defendant Deputy Secretary of Public Safety Jason Nelson to contact and notify Plaintiff that he could choose to resign, retire, or be terminated from his position.  Plaintiff voluntarily chose to retire from his position that day. He was not terminated as he later alleged in this lawsuit.

The Governor made the decision to appoint new leadership at the Oklahoma Department of Public Safety, which includes the Oklahoma Highway Patrol, because Plaintiff was involved with others in a number of troubling situations that called into question their truthfulness, leadership, and judgment at DPS, including but not limited to concerns that Plaintiff had attempted to falsify a blackmail case against a Highway Patrol member named Troy German; that Plaintiff covered up and lied about cheating by providing answers to a Highway Patrol member in advance of a promotional examination; that Plaintiff was involved in a scandal involving the use of State funds to procure a brand new red Chevrolet Tahoe for his work colleague Megan Simpson and then attempted to cover-up the reasons for the acquisition and use of that vehicle; and other lapses in judgment that reasonably caused the Governor to lose confidence in Plaintiff.

Defendants maintain that Plaintiff was an at-will employee, and the Governor had legitimate reasons to request that Plaintiff either retire, resign, or be terminated. Further, Plaintiff Harrell requested retirement and has voluntarily accepted hundreds of thousands of dollars in retirement benefits since retiring over three years ago.  Plaintiff has no money damages because he elected retirement and has been receiving retirement benefits, he failed to meaningfully pursue employment since his employment with the State ended, and once he found employment, the income received from that employment offsets any alleged damages he might claim that he has.

2.    JURISDICTION.  State the basis on which the jurisdiction of the court is invoked.

This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question under 42 U.S.C. § 1983).

3.    STIPULATED FACTS.  List stipulations as to all facts that are not disputed,

including jurisdictional facts.

- Jurisdiction and venue are proper.
- All parties are properly named and identified.

4.   LEGAL ISSUES. State separately, and by party, each disputed legal issue and the authority relied upon.

Plaintiffs:

A.   Whether Plaintiff Harrell had a property interest in continued employment as set forth under 47 O.S. §2-105.

B.   Whether Plaintiff Harrell had a property interest in continued employment in the return to his position of highest previous rank as set forth under 47 O.S. §2-105, which states "any officer appointed to a commissioned position prescribed…which is unclassified…shall have a right of return to the highest previously held classified position within the Oklahoma Highway Patrol Division…without any loss of rights, privileges or benefits immediately upon completion of the duties in the unclassified position."

C.   Whether Defendant Governor Stitt had clear statutory authority to remove Plaintiff Harrell from his position as Chief of Patrol when 47 O.S. §2-105 expressly states that the Commissioner of Public Safety shall appoint a Chief of the Oklahoma Highway Patrol.

D.   Whether Defendant Governor Stitt's authority to appoint and/or terminate the Chief of Patrol of the Oklahoma Highway Patrol is limited by the express language of 47 O.S. §2-105, which states that the Commissioner of Public Safety shall appoint a Chief of the Oklahoma Highway Patrol.

E.   Whether Plaintiff Harrell was entitled to a right against deprivation of a property interest in expected continued employment without due process.

F.   Whether Plaintiff Harrell was entitled to procedural due process (notice and hearing) prior to termination from his employment with the Oklahoma Highway Patrol/Oklahoma Department of Public Safety.

G.   Whether Defendants' actions in termination of Plaintiff Harrell and/or denial of Plaintiff Harrell any opportunity to return to employment in his previously held position violated due process under the Fifth and Fourteenth Amendments of the United States Constitution as secured by

42 U.S.C. §1983.

H.    Whether the Defendants' actions were the actual and proximate cause of damages suffered by Plaintiff Harrell to which he is entitled to recover.

I.    Whether Plaintiff Harrell suffered actual damages because of Defendants' actions.

J.    Whether Plaintiff Harrell suffered actual damages because of Defendants' denial of due process.

K.    The amount of damages to which Plaintiff Harrell is entitled.

L.    Whether Plaintiff Harrell suffered, and is entitled to recover, compensatory damages for emotional distress and loss of his reputation due to the actions of the Defendants.

M.    Whether the actions of the Defendants were reckless or callously indifferent to the rights of the Plaintiff and/or motivated by evil intent, therefore entitling Plaintiff Harrell to recover punitive damages.

N.    Whether Plaintiff Harrell is entitled to reasonable costs and attorney fees pursuant to 42 U.S.C. §1988.

O.    The amount of punitive damages to which Harrell is entitled upon a finding that Defendants acted in reckless disregard of the rights of others or acted intentionally and with malice towards others.

P.    The issues raised in Plaintiff's Motions in Limine.

Defendants:

A.    Plaintiff fails to state a claim for which relief can be granted.

B.    Plaintiff Harrell's Section 1983 claim should be defeated by the doctrine of qualified immunity. *Washington v. Unified Gov't of Wyandotte Cnty., KS*, 847 F.3d 1192, 1197 (10th Cir. 2017); *Duncan v. Gunter*, 15 F.3d 989, 992 (10th Cir. 1994); *Derda v. City of Brighton, Colo.*, 53 F.3d 1162, 1166 (10th Cir. 1995).

C.    Plaintiff Harrell's Section 1983 claim should be defeated because he has not

asserted a violation of a constitutional right to due process. *Id.*; *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015); *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019).

D.   Plaintiff Harrell's Section 1983 claim should be defeated because he does not have a property interest in continued employment at DPS. *Teigen v. Renfrow*, 511 F.3d 1072, 1079 (10th Cir. 2007).

E.   Plaintiff Harrell's Section 1983 claim should be defeated because the Governor's terminations of appointed individuals in primarily executive functions are not subject to judicial review absent a specific statutory limitation; the Governor has exclusive and final authority for determining whether sufficient cause exists to warrant removal of an officer when the position is purely executive. *Bynum v. Strain*, 218 P. 883 (Okla. 1923); *Marley v. Cannon,* 618 P.2d 401, 405 (Okla. 1980) (*citing Okla. Tax Comm'n v. Fortinberry Co.*, 207 P.2d 301, 304-05 (Okla. 1949)); 47 Okla. Stat. §§ 2-101, 2-118; 74 Okla. Stat. § 2.

F.   Plaintiff Harrell waived any alleged due process right(s) by knowingly choosing to voluntarily retire; a choice he later reaffirmed. *Parker v. Bd. Of Regents of Tulsa Jr. College*, 981 F.2d 1159, 1162 (10th Cir. 1992)

G.   Plaintiff Harrell's retirement decision was voluntary. *Id.*

H.   Plaintiff Harrell's retirement decision was not the result of coercion. *Id.*

I.   There was good cause for the Governor to believe that there were grounds to remove Harrell, as there was an arguable basis for discharge. *Parker v. Bd. Of Regents of Tulsa Jr. College*, 981 F.2d 1159, 1162 (10th Cir. 1992); *Christie v. United States*, 518 F.2d 584, 587-88 (Ct.Cl. 1975).

J.   Plaintiff Harrell was given a valid alternative to retirement. *Stone v. University of Md. Medical Sys., Corp.*, 855 F.2d 167, 174 (4th Cir. 1988); *Christie, supra*, 518 F.2d at 588.

K.   Defendants had no legal obligation or duty to counsel Plaintiff Harrell about his legal options. *Gaudette v. Dep't of Transp.*, 832 F.2d 1256, 1258-59 (Fed. Cir. 1987); *Kim v. United States*, 47 Fed. Cl. 493, 503 (Fed. Cl. Ct. 2000). *Spagnola v. State Bd. of Agr.,* 13 Fed. Appx. 870, 873, 2001 WL 791901, at *2 (10th Cir. 2001)

L.   Plaintiff Harrell was not deceived or misled as to his legal options and did

not rely on any misrepresentation or omission by any of the Defendants in making his decision to retire. *Spagnola v. State Bd. of Agr.,* 13 Fed. Appx. 870, 873, 2001 WL 791901, at *2 (10th Cir. 2001).

M.   Plaintiff Harrell should be estopped from taking a position in this lawsuit that contradicts his prior actions. *Willard v. Ward,* 875 P.2d 441, 443 (Okla. Civ. App. 1994).

N.   Whether Plaintiff Harrell has presented sufficient, admissible evidence from which a reasonable juror could find Plaintiff Harrell has established all the elements of his Section 1983 claim. FED. R. CIV. P. 50(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

O.   Plaintiff is not entitled to backpay or lost retirement income because he made a voluntary irrevocable election for a retirement payment that precludes his ability to be restored to employment with the Highway Patrol, thereby foreclosing backpay and lost retirement income as remedies.

P.   Plaintiff is not entitled to front pay.

Q.   Plaintiff is not entitled to punitive damages.

R.   Plaintiff's claim for back pay damages should be mitigated by his retirement payments.

S.   Plaintiff is not entitled to damages for emotional distress or mental anguish.

T.   Plaintiff has no damages.

U.   Plaintiff failed to mitigate his damages.

V.   While Defendants contend Plaintiff is not entitled to any damages; at most, Plaintiff would be entitled to nominal damages of $1 for the alleged constitutional deprivation.

W.   To the extent Plaintiff was deprived due process, Plaintiff would have been terminated even if he had been afforded a pretermination hearing. And therefore, he has no actual damages.

X.   Plaintiff's claim is barred by his own misconduct, estoppel, waiver, or unclean hands.

Y.   The issues raised in Defendants' Motions for Summary Judgment (Dkt. Nos. 50 and 63)

Z.   The issues raised in Defendants' Motions in Limine.


5.   <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

A.   <u>Plaintiffs</u>:

1.   Plaintiff Harrell asserts a claim for violations of his Fifth/Fourteenth Amendment rights to due process pursuant to 42 U.S.C. §1983 and seeks actual, compensatory, and punitive damages.

2.   Plaintiff seeks an award for his reasonable costs and attorney fees pursuant to 42 U.S.C. §1988.

3.   Defendants have no basis to seek their costs and attorney fees.

B.   <u>Defendants</u>:

1.   Plaintiffs has failed to state any cognizable claims under Oklahoma law.

2.   Plaintiff cannot establish the elements of his claims.

3.   Defendants are not the proximate cause of Plaintiff's alleged harms and/or damages.

4.   Plaintiff is not entitled to any damages and failed to mitigate his damages.

5.   Plaintiff is not entitled to punitive damages for numerous reasons, including because:

(a)   Plaintiff fails to state a claim for which a viable remedy is punitive damages;

(b)   Defendants did not engage in any act or omission that was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred;

(c)   To the extent it applies, Plaintiff is not entitled to punitive damages under 23 Okla. Stat. § 9.1 and case law interpreting the same;

(d)   Punitive damages are not recoverable from Defendants as a matter of law;

(e)   Plaintiff is not entitled to any punitive damages because he cannot demonstrate they suffered any actual damages. *See Okland Oil Co. v. Conoco, Inc.*, 144 F.3d 1308, 1319 (10th Cir. 1998); *Phillips Machinery Co. v. LeBlond, Inc.*, 494 F.Supp. 318, 325 (N.D. Okla. 1980).

(f)   Due to the lack of clear standards, the imposition of punitive damages against Defendants would be unconstitutional under the doctrines of vagueness and overbreadth;

(g)   Plaintiff's demand for punitive damages is subject to any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *BMW of North America v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2002), and any other or subsequent case law interpreting the same; and

(h)   Plaintiff's claim for punitive damages may violate provisions of the United States Constitution and Oklahoma Constitution, including the protections and prohibitions of the double jeopardy and due process clauses to the extent it allows the jury to consider harm to third parties in violation of the Fourteenth Amendment and *Philip Morris USA v. Williams*; to the extent Plaintiffs seek to recover punitive damages, in an amount which is unconstitutionally excessive, such damages would violate Article II, §§ 7 and 9, of the Oklahoma Constitution and the Due Process Clause of the Fourteenth Amendment and applicable United States Supreme Court precedent.

6.   Plaintiff's damages, if any, should be offset and reduced by any retirement benefits that Plaintiff has received and/or will receive in the future.

7.   Plaintiff's damages, if any, should be offset and reduced by employment income he has received since the separation of employment.

8.   All challenged employment decisions were made in good faith; further Defendants had reasonable grounds for believing their actions were in compliance with the law.

9.   To the extent any of Plaintiff's decision to retire is irrevocable, any damages relating to backpay or lost retirement income should be reduced to zero.

10. To the extent Plaintiff was deprived due process, Plaintiff would have been terminated even if he had been afforded a pretermination hearing. And therefore, he has no actual damages

11. Plaintiff is not entitled to reasonable costs and attorney fees.

12. Defendants seek an award for their reasonable costs and attorney fees.

6.   <u>EXHIBITS</u>.  The following exclusionary language **<u>MUST</u>** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A.      <u>Plaintiff</u>:

<u>Number</u>      <u>Title/Description</u>                          <u>Objection</u>      Federal Rule of <u>Evidence Relied Upon</u>

(Premarked for trial and exchanged as required under LCvR39.4(a))

| No. | Exhibit | Objection |
|---|---|---|
| 1. | Tipton Notice of Suspension letter dated June 18, 2019 | |
| 2. | | |
| 3. | | |
| 4. | Email from Chip Keating to multiple recipients, dated August 17, 2019 re: "and all active/current/pending investigations…" | |
| 5. | Emails between Stephanie Dodd and Megan Simpson, dated August 30, 2019 "Re: Joe Claro" | Not specifically identified<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues<br><br>Fed.R.Evid. 801 – 802 Hearsay |
| 6. | | |

| 7. | Memo to Commissioner Rusty Rhoades from Megan L. Simpson, dated October 29, 2018 (4 pages) | Not specifically identified<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues<br><br>Fed.R.Evid. 801 – 802 Hearsay |
|---|---|---|
| 8. | Text Messages between Jason Nelson and Rusty Rhoades | Not specifically identified<br><br>Improperly compiled/combined<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| 9. | Notes of Jason Nelson "Taken during call Aug. 20, 2019" (Nelson 0294 - 0296) | |
| 10. | Memorandum re: "The top three employees in the Oklahoma Department of Public Safety were terminated today by Gov. J. Kevin Stitt," undated (Nelson 0297 – 0302) | Improperly compiled/combined<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues<br><br>Fed.R.Evid. 801 – 802 Hearsay |
| 11. | August and September 2019 calendars (blank) | |
| 12. | "DPS Mtg" notes of Jason Nelson (Nelson 0303 – 0339) | Improperly compiled/combined<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 403 |

| | | |
|---|---|---|
| | | Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 602 Foundation |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| 13. | | |
| 14. | Letter from Rob Mikell to Megan Simpson, dated May 10, 2019 (Nelson 0403) | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 602 Foundation |
| 15. | Letter from Robert Mikell to Megan Simpson, undated (Nelson 0404) | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 602 Foundation |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |
| 21. | | |
| 22. | Email from Chip Keating to Kathy Mires, dated October 8, 2019 and associated email chain (Nelson | |

| | | |
|---|---|---|
| | 0480-0481) | |
| 23. | Email from Chip Keating to Kathy Mires, dated October 8, 2019 and associated email chain (Nelson 0482) | |
| 24. | | |
| 25. | Email from Chip Keating to Kathy Mires, dated October 8, 2019 and associated email chain (Nelson 0600-0601) | Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 26. | Text messages between Jason Nelson and Megan Simpson (Nelson 0640-0641) | |
| 27. | Text messages between Jason Nelson and Mike Harrell (Nelson 0643) | |
| 28. | | |
| 29. | Draft Statement from John Scully, undated (Nelson 0679) | |
| 30. | List of questions proposed for John Scully (Nelson 0680) | |
| 31. | List of "My Goals," undated (Nelson 0686) | |
| 32. | Notes from Jason Nelson (Nelson 0687-0691) | |
| 33. | Emails between Rusty Rhoades and Jason Nelson (Nelson 0692) | |
| 34. | | |
| 35. | Statement of J. Kevin Stitt re: Megan Simpson, dated 9/2/19 (Nelson 0761) | |
| 36. | Statement of J. Kevin Stitt re: Rusty Rhoades, dated 9/2/19 (Nelson 0762) | |
| 37. | Statement of J. Kevin Stitt re: Michael Harrell, dated 9/12/19 (Nelson 0763) | |
| 38. | Memorandum of J. Kevin Stitt re: delegation of authority to Jason Nelson, dated September 2, 2019 (Nelson 0764) | |
| 39. | DPS Call Script of Jason Nelson (Nelson 0765) | |
| 40. | Checklist for Monday, Sept. 2 (Nelson 0767) | |
| 41. | Checklist of Jason Nelson (Nelson 0768) | |
| 42. | Checklist of Jason Nelson (Nelson 0771) | |
| 43. | Text messages from "Chip," various dates (Nelson 0785 – 0791) | Fed.R.Evid. 801 – 802 Hearsay |
| 44. | Text message group conversation between Nelson, Keating, Harder, Budd and Junk, dated September 2, | |

| | 2019 (Nelson 0792 – 0801) | |
|---|---|---|
| 45. | Text messages between Jason Nelson and "Matt," dated Sep. 2 (Nelson 0802-0803) | |
| 46. | Text messages between Rusty Rhoades and Jason Nelson, dated Jul 11 (Nelson 0218) | |
| 47. | | |
| 48. | | |
| 49. | Email from Rusty Rhoads to Chip Keating and Jason Nelson, dated August 22, 2019 (Nelson 0699-0701) | |
| 50. | Email to Rusty Rhoads from unknown, dated August 27, 2019 (DFTS_000042) | Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 51. | Email from Jason Nelson to Zachary Parker re: REAL ID Meeting, dated August 28, 2019 (DFTS_002244-002245) | Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 52. | Email from Chip Keating to Kathy Mires, and associated email chain, dated October 8, 2019 (Nelson 0602-0603) | |
| 53. | Email from Chip Keating to Donelle Harder, Michael Junk, John Budd, and Jason Nelson, dated October 5, 2019, and associated email chain (DFTS_000099) | Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 54. | Email from Chip Keating to kathy@keatinginv.com, dated October 8, 2019, and associated email chain (DFTS_000006) | Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 55. | Text Messages "To: Chip Keating" (Nelson 0804) | |
| 56. | Text Messages between Chip Keating and Donelle Harder, dated Aug 30, and all associated text messages (Nelson 0209-0214) | Cumulative/Duplicative of Exhibit 44 |
| 57. | Group Text Messages dated Sep 2 (Nelson 0220-0229) | Cumulative/Duplicative of Exhibit 43 |

| | | |
|---|---|---|
| | | Fed.R.Evid. 801 – 802 Hearsay |
| 58. | "Wed Sept. 4, 2019 Notes" (DFTS_002301) | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| 59. | Email from Chip Keating to Kim Carter and others, dated Oct 3, 2019 (DFTS_001741-001742) | Incomplete exhibit |
| | | Fed. R. Evid. 401 402 Relevance |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| 60. | | |
| 61. | OK REAL ID Program Dashboard, dated 10-18-2019 | Fed. R. Evid. 401 402 Relevance |
| | | Fed. R. Evid. 403 |
| | | Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 602 Foundation |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| 62. | | |
| 63. | Email from Chip Keating to John Budd, and associated emails, dated Oct 17, 2019 (DFTS_001767) | Fed. R. Evid. 401 402 Relevance |
| | | Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 64. | Email from Chip Keating to John Scully and Patrick Mays, and associated emails, dated Oct 17, 2019 (DFTS_001766) | Fed. R. Evid. 401 402 Relevance |

| | | |
|---|---|---|
| | | Fed. R. Evid. 403 |
| | | Misleading/Confusion of the Issues |
| | | Cumulative/Duplicative of Exhibit 63 |
| | | Incomplete Exhibit |
| 65. | Email from Chip Keating to Michael Lee and others, dated Oct 17, 2019 (DFTS_001762-1765) | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 602 Foundation |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 66. | Email from Kyra Oles to Jason Nelson and others, dated Oct 18, 2019 (DFTS_002085) | Incomplete Exhibit |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 602 Foundation |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 67. | Email from John Scully to Chip Keating, dated Oct 21, 2019 and associated emails (DFTS_001484-1485) | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 602 Foundation |
| | | Fed.R.Evid. 801 – 802 Hearsay |

|  |  | Fed.R.Evid. 401 – 402 Relevance |
|---|---|---|
| 68. | Letter from John Scully to Chip Keating, dated December 18, 2019 (DFTS_001143) | Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 69. |  |  |
| 70. | Email from Chip Keating to John Scully, dated Jan 30, 2020, and associated emails (DFTS_000407-00409) | Incomplete Exhibit<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 602 Foundation<br><br>Fed.R.Evid. 801 – 802 Hearsay<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 71. |  |  |
| 72. | Text messages between "Rusty" and Chip Keating (Keating 0002-0018) |  |
| 73. | Termination strategy memorandum (Nelson 0770) |  |
| 74. | Text messages from "Matt," dated Sep 2 (Nelson 0230-231) | Cumulative; duplicative of Exhibit 45 |
| 75. |  |  |
| 76. | Emails Rusty Rhoades, Chip Keating, Megan Simpson, and David Ostrowe (DFTS_00055-56) | Not specifically identified<br><br>Description doesn't match document<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 602 Foundation<br><br>Fed.R.Evid. 801 – 802 Hearsay |

| | | Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues |
|---|---|---|
| 77. | | |
| 78. | Email from Rusty Rhoades to Chip Keating re: Real ID, dated August 30, 2019, and associated email chain | Not specifically identified Cumulative; duplicative of Exhibit 25<br><br>Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 79. | Email from Rusty Rhoades to Michael Junk and Chip Keating, dated July 23, 2019 and attached REAL ID Extension Request draft and REAL ID Checklists (14 pages) | Not specifically identified;<br><br>Document is unreadable Description doesn't match document<br><br>Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 80. | Email from Rusty Rhoades to Donelle Harder re: REAL ID Extension Letter and attached letter from Kevin Stitt and REAL ID Checklists (11 pages) | Fed. R. Evid. 401 402 Relevance<br><br>Fed. R. Evid. 403 Misleading/Confusion of the Issues |
| 81. | Email from Megan Simpson to Michael Harrell, dated March 3, 2019 re: Stan Walker and Troy German (2 pages) | |
| 82. | Email from Michael Harrell to Billie Watkins re: Retirement Letter, dated June 28, 2019 and associated email chain (2 pages) | |
| 83. | Oklahoma DPS/Oklahoma Highway Patrol Major Case | Document not produced in |

| | | |
|---|---|---|
| | Record Investigative Report, Case Number 18-0631CI for investigative period 11/20/2018 – 2/04/2019 | discovery<br>No exhibit exchanged |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 602 Foundation |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| 84. | *Troy German v. Rhoades, et al.,* USWDC of Oklahoma Case No.: CIV-19-751-F<br>Deposition Transcript of Testimony of David Prater<br>For impeachment purposes only | |
| 85. | *Troy German v. Rhoades, et al.,* USWDC of Oklahoma Case No.: CIV-19-751-F<br>Deposition Transcript of Testimony of Chip Keating<br>For impeachment purposes only | Fed.R.Evid. 801 – 802 Hearsay |
| 86. | | |
| 87. | | |
| 88. | | |
| 89. | | |
| 90. | | |
| 91. | | |
| 92. | | |
| 93. | | |
| 94. | | |
| 95. | | |
| 96. | Job Search Summary of Mike Harrell with supporting documentation | Not specifically identified<br><br>Improperly compiled/combined<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 801 – 802 Hearsay |

| | | |
|---|---|---|
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| 97. | 2018 Tax Return of Mike Harrell | |
| 98. | 2019 Tax Return of Mike Harrell | |
| 99. | 2020 Tax Return of Mike Harrell | |
| 100. | Notice of Tort Claim | |
| 101. | Resume of Mike Harrell | Not specifically identified<br><br>Fed.R.Evid. 801 – 802 Hearsay |
| 102. | OLERS calculations for Mike Harrell | Not specifically identified<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 801 – 802 Hearsay<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues<br><br>Fed.R.Evid. 602 Foundation<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 403 Cumulative |
| 103. | Contract Investigator Application for Michael Steven Harrell, undated | Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 801 – 802 Hearsay |
| 104. | Independent Contractor Agreement for Michael Steven Harrell, dated March 12, 2020 | Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 801 – 802 Hearsay |
| 105. | Demonstrative aid of actual damages for Mike Harrell | Not specifically identified; Defendants reserve objections. |
| 106. | | |
| 107. | | |

| 108. | | |
|------|---|---|
| 109. | | |
| 110. | | |
| 111. | | |
| 112. | | |
| 113. | | |
| 114. | Email from Megan Simpson dated February 15, 2019 | |
| 115. | | |
| 116. | | |
| 117. | | |
| 118. | Emails between Rusty Rhoades, Michael Harrell, and Duane Michael, dated July 26-30, 2021 | Not specifically identified<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 801 – 802 Hearsay<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues<br><br>Fed.R.Evid. 602 Foundation<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 403 Cumulative |
| 119. | Plans Premium Chart | Not specifically identified<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 801 – 802 Hearsay<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 403 Cumulative<br>Fed.R.Evid. 602 Foundation |

| 120. | | |
|---|---|---|
| 121. | All deposition exhibits. | Not specifically identified<br><br>Defendants reserve objections<br><br>Not a proper exhibit |
| 122. | Defendants' Answers to Interrogatories, Request for Production, and Requests for Admission | Not a proper exhibit |
| 123. | Documents listed or identified by Defendants, unless otherwise objected to by Plaintiffs. | Not specifically identified<br><br>Defendants reserve objections<br><br>Not a proper exhibit |
| 124. | Any and all documents produced pursuant to Plaintiffs' Open Records Act Request. | Not specifically identified<br><br>Moot—documents were produced pursuant to the Open Records Requests<br><br>Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 801 – 802 Hearsay<br><br>Fed.R.Evid. 403 Misleading/Confusion of the Issues<br><br>Fed.R.Evid. 901 Authentication<br><br>Fed.R.Evid. 403 Cumulative<br><br>Fed.R.Evid. 602 Foundation |
| 124.1 | Idemia PowerPoint 09/20/2018 | Fed.R.Evid. 401 – 402 Relevance<br><br>Fed.R.Evid. 801 – 802 Hearsay<br><br>Fed.R.Evid. 403 |

| | | |
|---|---|---|
| | | Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 Foundation |
| 124.2 | Idemia PowerPoint 10/16/2018 | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 Foundation |
| 124.3 | Idemia PowerPoint 11/27/2018 | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 Foundation |
| 124.4 | Idemia PowerPoint 12/18/2018 | Fed.R.Evid. 401 – 402 Relevance |

| | | |
|---|---|---|
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 Foundation |
| 124.5 | Idemia PowerPoint 01/22/2019 | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 Foundation |
| 124.6 | Idemia PowerPoint 02/19/2019 | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 |

|  |  | Foundation |
|---|---|---|
| 124.7 | Idemia PowerPoint 03/19/2019 | Fed.R.Evid. 401 – 402 Relevance |
|  |  | Fed.R.Evid. 801 – 802 Hearsay |
|  |  | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
|  |  | Fed.R.Evid. 901 Authentication |
|  |  | Fed.R.Evid. 403 Cumulative |
|  |  | Fed.R.Evid. 602 Foundation |
| 124.8 | Idemia PowerPoint 04/16/2019 | Fed.R.Evid. 401 – 402 Relevance |
|  |  | Fed.R.Evid. 801 – 802 Hearsay |
|  |  | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
|  |  | Fed.R.Evid. 901 Authentication |
|  |  | Fed.R.Evid. 403 Cumulative |
|  |  | Fed.R.Evid. 602 Foundation |
| 124.9 | Idemia PowerPoint 05/21/2019 | Fed.R.Evid. 401 – 402 Relevance |
|  |  | Fed.R.Evid. 801 – 802 Hearsay |
|  |  | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
|  |  | Fed.R.Evid. 901 Authentication |

| | | |
|---|---|---|
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 Foundation |
| 124.10 | Idemia PowerPoint 06/18/2019 | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 Foundation |
| 124.11 | Idemia PowerPoint 07/16/2019 | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of the Issues |
| | | Fed.R.Evid. 901 Authentication |
| | | Fed.R.Evid. 403 Cumulative |
| | | Fed.R.Evid. 602 Foundation |
| 124.12 | Idemia PowerPoint 08/20/2019 | Fed.R.Evid. 401 – 402 Relevance |
| | | Fed.R.Evid. 801 – 802 Hearsay |
| | | Fed.R.Evid. 403 Misleading/Confusion of |

|  |  |  |  |
|---|---|---|---|
|  |  | the Issues | |
|  |  | Fed.R.Evid. 901 Authentication | |
|  |  | Fed.R.Evid. 403 Cumulative | |
|  |  | Fed.R.Evid. 602 Foundation | |
| 125. | Documents necessary to refresh witness's memory | Not specifically identified<br><br>Defendants reserve objections | |
| 126. | Aids to Court and Jury | Not specifically identified<br><br>Defendants reserve objections | |
| 127. | Demonstrative aids and enlargements | Not specifically identified<br><br>Defendants reserve objections | |

B.      Defendant:

<table>
<tr><td></td><td></td><td></td><td>Federal Rule of</td></tr>
<tr><td>Number</td><td>Title/Description</td><td>Objection</td><td>Evidence Relied</td></tr>
<tr><td colspan="4">Upon</td></tr>
</table>

(Premarked for trial and exchanged as required under LCvR39.4(a))

| Exhibit No. | Identification or Bates Number[1] | Description | Objection |
|---|---|---|---|
| 1. | Defendants_000003 | 09/02/2019 Stitt delegation to Jason Nelson to effectuate the resignation, retirement or termination of Rhoades, Simpson and Harrell | |
| 2. | Nelson 0762 | 09/02/2019 Stitt affidavits that Rhoades is unable to effectively lead DPS | |
| 3. | Nelson 0761 | 09/02/2019 Stitt affidavits that Simpson is unable to | |

---

[1] The exhibits without bates numbers are from Plaintiffs' production.

| | | effectively lead DPS | |
|---|---|---|---|
| 4. | Nelson 0763 | 09/02/2019 Stitt affidavits that Harrell is unable to effectively lead DPS | |
| 5. | Nelson 0792-0801 | 09/02/2019 Texts with Governor's staff re terminating Plaintiffs | |
| 6. | Nelson 0765 | Nelson Call Script | |
| 7. | Nelson 0767-0768 | Nelson Checklist | |
| 8. | Exhibit 16 to Defendant Stitt's Motion for Summary Judgment | Transcript of audio recording on 09/02/2019 between Jason Nelson and Rhoades | |
| 8-1. | Audio File 2019-09-02 3_02 Rhoades – Produced 1/28/22.wav | Recording of call between Nelson and Rhoades | |
| 9. | Exhibit 16 to Defendant Stitt's Motion for Summary Judgment | Transcript of audio recording on 09/02/2019 between Jason Nelson and Simpson | |
| 9-1. | Audio File 2019-09-02 3_09 Simpson – Produced 1/28/22.wav | Recording of call between Nelson and Simpson | |
| 10. | Exhibit 16 to Defendant Stitt's Motion for Summary Judgment | Transcript of audio recording on 09/02/2019 between Jason Nelson and Harrell | |
| 10-1. | Audio File 2019-09-02 3_09 Simpson – Produced 1/28/22.wav | Recording of call between Nelson and Harrell | |
| 11. | Nelson 0218 | 9/2/2019 Texts to "Rusty" from Nelson | |
| 12. | Nelson 0694-0695 | 9/2/2019 Texts between Nelson and Simpson | |
| 13. | Nelson 0693 | 9/2/2019 Texts between Nelson and Harrell | |
| 14. | DFTS_002366-002367 | 9/5/2019 Rhoades' letter confirming retirement and notice of personnel action | |
| 15. | DFTS_002368-002369 | 9/6/2019 Simpson's HR memo and notice of personnel action | |

| 16. | DFTS_002371-002372 | 9/4/2019 Harrell's letter confirming retirement and notice of personnel action | |
| 17. | Defendants_000005 | 09/05/2019 Memo to HR re Rhoades retirement | |
| 18. | Nelson 0818 | Nelson list - untitled | |
| 19. | Nelson 0301-0302 | 08/30/2019 Nelson DPS Leadership Issues | Fed. R. Evid. 901 - Authentication |
| 20. | Nelson 0808-0810; 0813 | "DPS Leadership Concerns" document | Fed. R. Evid. 901 – Authentication Fed. R. Evid. 1003 – Completeness |
| 21. | | | |
| 22. | | | |
| 23. | | | |
| 24. | | | |
| 25. | | | |
| 26. | | | |
| 27. | | | |
| 28. | | | |
| 29. | DFTS_002418-002420 | 6/3/2019 Email from Harrell to Simpson and associated thread | |
| 30. | | | |
| 31. | | | |
| 32. | | | |
| 33. | | | |
| 34. | | | |

| | | | |
|---|---|---|---|
| 35. | | | |
| 36. | | | |
| 37. | | | |
| 38. | | | |
| 39. | | | |
| 40. | | | |
| 41. | | | |
| 42. | | | |
| 43. | | | |
| 44. | | | |
| 45. | | | |
| 46. | | | |
| 47. | | | |
| 48. | | | |
| 49. | DFTS_002401-002402 | 02/16/2019 Email from Simpson to multiple recipients and associated thread with draft statement | |
| 50. | DFTS_002421 | 02/19/2019 DPS Statement on grand jury indictment of Troy German | |
| 51. | Nelson 0423-0424 | 02/19/2019 Letter from AG Hunter to Rhoades | |
| 52. | DFTS_002664-002665 | 03/3/2019 Email from Simpson to Harrell and associated thread | |
| 53. | DFTS_002411-002413 | 06/18/2019 Simpson email and notice re Tipton amended | |

Case 5:20-cv-00761-R   Document 88   Filed 03/31/23   Page 31 of 50

| | | suspension with pay | |
|---|---|---|---|
| 54. | DFTS_002691-002696 | Notices of Suspensions with Pay for Tipton and McCoy | |
| 55. | DFTS_002441 | 06/28/2019 German notification of retirement | |
| 56. | DFTS_002690, 002697 | 6/28/2019 Email from Simpson to Rhoades and associated attachment of German Press Release | |
| 57. | DFTS_002700-002701 | 06/28/2019 News Article – Indicted OHP Trooper to Retire After State Dismissed Blackmail Charge | |
| 58. | Nelson 0294-0295 | Nelson's whiteboard notes on Prater call | |
| 59. | DFTS_000042 | 8/27/2019 Email from Rusty Rhoades re Personnel Changes | |
| 60. | DFTS_002414 | 9/2/2019 Email from Simpson to her personal account | |
| 61. | DFTS_002403-002404 | 9/2/2019 Email from Simpson to Kannady and associated thread | |
| 62. | DFTS_002442-002608 | 09/13/2022 Declaration of David Prater | Fed. R. Evid. 801-802 Hearsay Not proper exhibit unless for impeachment |
| 63. | | | |
| 64. | | | |
| 65. | | | |
| 66. | DFTS_002670-002674 | 10/5/2022 Declaration of David Ostrowe | Fed. R. Evid. 801-802 Hearsay Not proper exhibit unless for impeachment |
| 67. | DFTS_002675-002678 | 10/27/2022 Declaration of Paul Christian | Fed. R. Evid. 801-802 Hearsay Not proper exhibit unless for impeachment |

| 68. | DFTS_002679-002684 | 10/18/2022 Declaration of Duane Michael | Fed. R. Evid. 801-802 Hearsay<br>Not proper exhibit unless for impeachment |
| 69. | DFTS_002668-002669 | Docket sheet of *State of Oklahoma v. Troy D. German*, Oklahoma County Case No. CF-2019-967 | Fed. R. Evid. 801-802 Hearsay<br>Not proper exhibit unless for impeachment |
| 70. | Filed of record, as well as Exhibit 11 of Defendant Stitt's Motion for Summary Judgment | Original Complaint in *German v. Rhoades, et al.*, USDC, Western District of Oklahoma Case No. CIV-19-751 | Fed. R. Evid. 801-802 Hearsay |
| 71. | Filed of record, as well as Exhibit 12 of Defendant Stitt's Motion for Summary Judgment | First Amended Complaint in *German v. Rhoades, et al.*, USDC, Western District of Oklahoma Case No. CIV-19-751 | Fed. R. Evid. 401-402 Relevance<br>Fed. R. Evid. 801-802 Hearsay |
| 72. | | | |
| 73. | GERMAN01956–GERMAN01977 | Troop A Exam for Orr – Exhibit 3 to Harrell Deposition from *German v. Rhoades, et al.*, USDC, Western District of Oklahoma Case No. CIV-19-751 | Fed. R. Evid. 401-402 Relevance<br>Not identified on Defendants' Final Exhibit List |
| 74. | DFTS_002439 | 12/12/2018 Offer letter to Rhoades | |
| 75. | Nelson 0819 | 3/18/2019 Procurement Control Form | Fed. R. Evid. 401-402 Relevance |
| 76. | Nelson 0820 | 3/14/2019 Price Quote from Carter Chevrolet | Fed. R. Evid. 401-402 Relevance |
| 77. | Nelson 0821 | 8/1/2019 Invoice from National Auto Accessories | Fed. R. Evid. 401-402 Relevance |
| 78. | Nelson 0822 | 3/12/2019 Email from Simpson to Barry Ross and associated thread | Fed. R. Evid. 401-402 Relevance |
| 79. | Nelson 0837 | 9/4/2019 Email from Sarah Stewart to Gina Smith and associated thread | Fed. R. Evid. 401-402 Relevance |
| 80. | | Harrell 2018-2021 Federal and State Tax Returns, W-2s, | Fed. R. Civ. P. 5.2 Social Security numbers have |

| | | 1099s (produced without Bates number) | not been redacted |
|---|---|---|---|
| 81. | | | |
| 82. | | | |
| 83. | 000085-000086 | Michael Harrell job application with ABF Freight | |
| 84. | OLERS 001-034 | Harrell Application and Pension calculations | |
| 85. | OLERS 035 | Michael Harrell Pension Payment History | |
| 86. | OLERS 036-135 | 2019 OLERS Member Handbook | |
| 87. | OLERS 136-157 | Rhoades Application and Pension calculations | Fed. R. Evid. 401-402 Relevance |
| 88. | OLERS 158 | Rhoades Pension Payment History | Fed. R. Evid. 401-402 Relevance |
| 89. | | Deposition exhibits not objected to by Defendants | |
| 90. | | Exhibits listed by Plaintiffs and not objected to by Defendants | |
| 91. | | Documents received in response to subpoenas and not objected to by Defendants | |
| 92. | | Any demonstrative exhibits | |
| 93. | | Additional documents that Defendants receive or become aware of through discovery, not objected to by Defendants | |
| 94. | | All exhibits identified or produced in discovery or at depositions and not objected to by Defendants | |

7.    WITNESSES:  The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.    Plaintiff:

(WITNESSES EXPECTED TO TESTIFY)

| NO. | NAME | ADDRESS | PROPOSED TESTIMONY |
|---|---|---|---|
| 1. | Billy D. Rhoades | c/o Hopson Legal<br>Dustin J. Hopson<br>Amy S. Neathery<br>119 N. Robinson Ave., Ste. 650<br>Oklahoma City, OK 73102 | Plaintiff. Will testify regarding appointment and performance as Commissioner of Public Safety; knowledge and circumstances of effort by Troy German to blackmail Rhoades; efforts by the Department of Public Safety to implement REAL ID; reappointment by Defendant Stitt into position of Commissioner of Public Safety; existence of investigation by Troop Z; communication with Defendants regarding REAL ID; prosecution of Troy German by Office of the Oklahoma Attorney General and the dismissal of the same over objection of Plaintiffs; knowledge of meetings between Gary James and Defendant Keating; communication with Defendants regarding job performance; knowledge of events surrounding termination from position as Commissioner of Public Safety; lack of knowledge by Defendants Keating and Nelson about REAL ID and/or investigation of members of the Oklahoma |

| | | | |
|---|---|---|---|
| | | | Highway Patrol; further knowledge and circumstances surrounding termination from employment and damages arising from termination. Deposed. |
| 2. | Michael Harrell | c/o Hopson Legal<br>Dustin J. Hopson<br>Amy S. Neathery<br>119 N. Robinson Ave., Ste. 650<br>Oklahoma City, OK 73102 | Plaintiff. Will testify regarding employment and performance as Chief of Patrol of the Oklahoma Highway Patrol; knowledge and circumstances of effort by Troy German to blackmail Plaintiff Rhoades; efforts by the Department of Public Safety to implement REAL ID and his lack of requirements or involvement in the same; reappointment of Plaintiff Rhoades by Defendant Stitt into position of Commissioner of Public Safety; existence of investigation by Troop Z; knowledge of prosecution of Troy German by Office of the Oklahoma Attorney General and the dismissal of the same over objection of Plaintiffs; knowledge of meetings between Gary James and Defendant Keating; communication with Defendants regarding job performance; knowledge of events surrounding termination from position as Chief of Patrol of the Oklahoma Highway Patrol; refusal by Defendants to return Plaintiff to prior rank and/or position as required by law; further knowledge and |

| | | | |
|---|---|---|---|
| | | | circumstances surrounding termination from employment and damages arising from termination. Deposed. |
| 3. | Megan Simpson | c/o Hopson Legal<br>Dustin J. Hopson<br>Amy S. Neathery<br>119 N. Robinson Ave., Ste. 650<br>Oklahoma City, OK 73102 | Plaintiff. Will testify regarding employment and performance as Deputy Commissioner of Public Safety and General Counsel for the Oklahoma Department of Public Safety; knowledge of actions taken by prior legal counsel for Department of Public Safety in using civilly seized assets illegally and efforts by the administration to do so in order to support REAL ID; knowledge and circumstances of effort by Troy German to blackmail Rhoades; knowledge of handling and assignment of investigation of Troy German, Tim Tipton, Jack McCoy, and others by and to Troop Z; knowledge of administrative actions taken in regard to activities of Tim Tipton and Jack McCoy for violations of policy and laws of the Department of Public Safety and State of Oklahoma; knowledge of efforts by the Department of Public Safety to implement REAL ID; knowledge of REAL ID compliance; knowledge of communications regarding implementation of REAL ID; knowledge of prosecution of Troy German by Office of the Oklahoma Attorney General and the dismissal of the same |

| | | | |
|---|---|---|---|
| | | | over objection of Plaintiffs; knowledge of meetings between Gary James and Defendant Keating; knowledge of events surrounding termination from position with Department of Public Safety/State of Oklahoma; lack of knowledge by Defendants Keating and Nelson about REAL ID and/or investigation of members of the Oklahoma Highway Patrol; further knowledge and circumstances surrounding termination from employment and damages arising from termination. Deposed. |
| 4. | Jason Holt | c/o Defendants' counsel Ronald T. Shinn Jr. Alex Duncan Jennie Mook McAfee and Taft 211 N. Robinson, 8th FL OKC, OK 73102 | Deposed. Will testify regarding investigation of Troy German by Troop Z of the Oklahoma Highway Patrol; knowledge of information obtained during investigation of Troy German about Tim Tipton and Jack McCoy; knowledge of communication or lack of communication with Plaintiffs and the reason for the same; knowledge of submission of Troop Z investigation to prosecuting entities/agencies; further knowledge of facts and circumstances surrounding termination of Plaintiffs; further knowledge of facts and circumstances of Plaintiffs' claims and defenses to those claims. |
| 5. | Gary James | 620 N. Robinson, #207 | Will testify regarding |

| | | Oklahoma City, OK 73102 | relationship with Tim Tipton prior to investigation of Troy German; financial payments to Tim Tipton and/or on behalf of Tim Tipton; relationship in which Tim Tipton testified on behalf of clients for Mr. James; communication he had with anyone associated with the Troop Z investigation, or the lack of communication with Troop Z investigators; communications he had with David Prater in regard to Plaintiffs and/or the Troop Z investigation and the reason for the same; communications he had with Mike Hunter in regard to Plaintiffs and/or the Troop Z investigation and the reason for the same; communications he had with Defendant Keating in regard to the Troop Z investigation, administrative actions taken in regard to, Tim Tipton, Jack McCoy, or others, communication about the Plaintiffs, and the reason for the same; further knowledge of facts and circumstances of Plaintiffs' claims and the defenses to those claims. |
|---|---|---|---|
| 6. | Tim Tipton | c/o Sunne Day General Counsel Department of Public Safety 3600 N. Martin Luther King Ave Oklahoma City, OK 73111 | Will testify about his actions and efforts to hide a phone provided to him by Troy German during the Troop Z investigation; will testify that he admitted and acknowledged to Troop Z investigators that he attempted to hide a phone |

| | | | |
|---|---|---|---|
| | | | provided to him by Troy German during an investigation by Troop Z; will testify as to his prior relationship with Gary James and his financial benefit from such relationship; will testify about his service as Commissioner of the Department of Public Safety and his promotion into such position despite his efforts to hide possible evidence on behalf of Troy German; will testify regarding knowledge of reasons he was placed on administrative leave prior to termination of Plaintiffs and conclusion of administrative leave following Plaintiffs' termination. Further knowledge of facts and circumstances of Plaintiff's claims and defenses to such claims. |
| 7. | Brian Orr | c/o Sunne Day General Counsel Department of Public Safety 3600 N. Martin Luther King Ave Oklahoma City, OK 73111 | Will testify regarding knowledge of blackmail allegations against Troy German, investigation of the same, and allegations against him and German about alleged efforts to cheat during the promotional process within the Oklahoma Highway Patrol; knowledge of communication of Gary James on behalf of Tim Tipton; further knowledge of facts and circumstances of Plaintiff's claims and defenses to the same. |
| 8. | Governor Kevin Stitt | c/o Defendants' counsel Ronald T. Shinn Jr. | Defendant. Not yet deposed despite request during |

| | | Alex Duncan<br>Jennie Mook<br>McAfee and Taft<br>211 N. Robinson, 8th FL<br>OKC, OK 73102 | discovery. Ostensible decision-maker in regard to decision to remove Plaintiffs from employment during a holiday weekend and without direct communication between himself and any Plaintiff or Defendants Keating and Nelson; will testify if required by Court regarding reasons for termination of Plaintiffs, information provided to him and by whom, which was the basis for any decision to terminate Plaintiffs; knowledge of REAL ID compliance by the Oklahoma Department of Public Safety; knowledge of communications, if any, between himself and Defendants Nelson and/or Stitt; further knowledge of Plaintiffs claims and/or defenses to those claims. |
|---|---|---|---|
| 9. | Chip Keating | c/o Defendants' counsel<br>Ronald T. Shinn Jr.<br>Alex Duncan<br>Jennie Mook<br>McAfee and Taft<br>211 N. Robinson, 8th FL<br>OKC, OK 73102 | Defendant. Deposed. |
| 10. | Jason Nelson | c/o Defendants' counsel<br>Ronald T. Shinn Jr.<br>Alex Duncan<br>Jennie Mook<br>McAfee and Taft<br>211 N. Robinson, 8th FL<br>OKC, OK 73102 | Defendant. Deposed. |
| 11. | Kathy Mires | Keating Investments | Will testify regarding |

| | | 5815 N. Western Ave Oklahoma City, OK 73118 | communications with Kevin Stitt; notary of Kevin Stitt's signature; preparation of documents. |
|---|---|---|---|

(WITNESSES THAT MAY TESTIFY IN CASE-IN-CHIEF OR ON REBUTTAL)

| NO. | NAME | ADDRESS | PROPOSED TESTIMONY |
|---|---|---|---|
| 1. | Donelle Harder | 322 NE 15th Street Oklahoma City, OK 73014 | Will testify regarding efforts by the Department of Public Safety to implement REAL ID; reappointment by Defendant Stitt into position of Commissioner of Public Safety; communication with Defendants regarding REAL ID; knowledge of meetings between knowledge of events surrounding Plaintiffs' termination; information shared in public forums. |

B.    Defendant:

(WITNESSES EXPECTED TO TESTIFY)

| No. | Name | Address | Anticipated Testimony |
|---|---|---|---|
| 1. | Billy D. "Rusty" Rhoades Plaintiff | c/o Dustin Hopson Amy S. Neathery Hopson Legal, LLC 119 N. Robinson Ave., Ste. 650 Oklahoma City, OK 73102 | Deposed |
| 2. | Megan L. Simpson Plaintiff | c/o Dustin Hopson Amy S. Neathery Hopson Legal, LLC 119 N. Robinson Ave., Ste. 650 Oklahoma City, OK 73102 | Deposed |

| No. | Name | Address | Anticipated Testimony |
|-----|------|---------|----------------------|
| 3. | Michael S. Harrell<br>Plaintiff | c/o Dustin Hopson<br>Amy S. Neathery<br>Hopson Legal, LLC<br>119 N. Robinson Ave., Ste. 650<br>Oklahoma City, OK 73102 | Deposed |
| 4. | Chip Keating<br>Defendant | c/o Defendants' counsel<br>Ronald T. Shinn Jr.<br>Alex Duncan<br>Jennie Mook<br>McAfee and Taft<br>211 N. Robinson, 8th FL<br>OKC, OK 73102 | Deposed |
| 5. | Jason Nelson<br>Defendant | c/o Defendants' counsel<br>Ronald T. Shinn Jr.<br>Alex Duncan<br>Jennie Mook<br>McAfee and Taft<br>211 N. Robinson, 8th FL<br>OKC, OK 73102 | Deposed |
| 6. | Governor Stitt<br>Defendant | c/o Defendants' counsel<br>Ronald T. Shinn Jr.<br>Alex Duncan<br>Jennie Mook<br>McAfee and Taft<br>211 N. Robinson, 8th FL<br>OKC, OK 73102 | Facts and circumstances related to Plaintiffs' employment and subsequent separation of employment; REAL ID; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; German criminal and civil lawsuits; knowledge of facts and circumstances related to claims and defenses in this lawsuit. |

| No. | Name | Address | Anticipated Testimony |
|-----|------|---------|----------------------|
| 7. | Jason Holt | c/o Sunne Day<br>General Counsel<br>Department of Public Safety<br>3600 N Martin Luther King Ave<br>Oklahoma City, OK 73111 | Deposed |
| 8. | John Budd | 7414 N Country Club Dr<br>Oklahoma City, OK 73116 | REAL ID; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; communications with Governor Stitt and/or his staff regarding Plaintiffs; German criminal and civil lawsuits; facts and circumstances related to Plaintiffs' separation of employment; knowledge of facts and circumstances related to claims and defenses in this lawsuit; his declaration produced in this case. |
| 9. | Donelle Harder | 322 NE 15th Street<br>Oklahoma City, OK 73014 | REAL ID; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; communications with Governor Stitt and/or his staff regarding Plaintiffs; German criminal and civil lawsuits; facts and circumstances related to Plaintiffs' separation of employment; knowledge of facts and circumstances related to claims and defenses in this lawsuit. |

| No. | Name | Address | Anticipated Testimony |
|-----|------|---------|----------------------|
| 10. | Paul Christian | c/o Sunne Day<br>General Counsel<br>Department of Public Safety<br>3600 N Martin Luther King Ave<br>Oklahoma City, OK 73111 | Troy German investigation; communications to, from, and/or regarding Plaintiffs, Tim Tipton or Jack McCoy; Tim Tipton and Jack McCoy; allegations and/or investigations regarding cheating by Rhoades and Harrell; subsequent administrative investigations of Tim Tipton, Brian Orr, Jack McCoy and findings from said investigations; knowledge of facts and circumstances related to claims and defenses in this lawsuit; his declaration produced in this case. |
| 11. | David Prater | 5624 Westminster Rd.<br>Edmond, OK 73007 | Troy German investigation and indictment; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; communications with Defendants; communications with Attorney General's Office regarding German criminal action, Troy German, and Plaintiffs; knowledge of facts and circumstances related to claims and defenses in this lawsuit. |

| No. | Name | Address | Anticipated Testimony |
|-----|------|---------|----------------------|
| 12. | Morey J. Villareal<br>Expert Witness | c/o Defendants' counsel<br>Ronald T. Shinn Jr.<br>Alex Duncan<br>Jennie Mook<br>McAfee and Taft<br>211 N. Robinson, 8th FL<br>OKC, OK 73102 | Opinions set forth in his expert report previously exchanged with Plaintiffs' counsel, including opinions regarding Plaintiffs' purported damages and failure to mitigate same; any additional expert opinions included in supplemental reports as may be allowed under the Rules or the Court; additional expert opinions formed at trial upon hearing other witness testimony. |
| 13. | Troy German | c/o Barrett Bowers<br>Bowers Law Firm<br>1611 N Broadway Ave<br>Second Floor<br>Oklahoma City, OK 73103 | Blackmail allegations alleged by Rusty Rhoades; German criminal and civil lawsuits; Rhoades' and Harrell's actions related to cheating during the promotional process within the Oklahoma Highway Patrol; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; knowledge of facts and circumstances related to claims and defenses in this lawsuit. |

(WITNESSES THAT MAY TESTIFY IN CASE-IN-CHIEF OR ON REBUTTAL)

| 1. | John Scully | c/o Sunne Day General Counsel Department of Public Safety 3600 N Martin Luther King Ave Oklahoma City, OK 73111 | DPS administrative investigation and action regarding Tim Tipton and Jack McCoy and Brian Orr; communications to, from, and/or regarding Plaintiffs; REAL ID; circumstances of Scully's appointment as DPS Commissioner; DPS practices and procedures; knowledge of facts and circumstances related to claims and defenses in this lawsuit; investigations or administrative actions that likely would have been taken if Plaintiff had been returned to service. |
|---|---|---|---|
| 2. | Michael Junk | 11907 S. Urbana Ave Tulsa, OK 74137 | REAL ID; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; communications with Governor Stitt and/or his staff regarding Plaintiffs; German criminal and civil lawsuits; facts and circumstances related to Plaintiffs' separation of employment; knowledge of facts and circumstances related to claims and defenses in this lawsuit. |

| 3. | Mike Hunter | 3200 Kelsey Dr<br>Edmond, OK 73013 | Troy German investigation and criminal suit; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; communications with David Prater regarding Troy German and criminal action against German; communications with Dane Towery regarding German matter; communications with Defendants; knowledge of facts and circumstances related to claims and defenses in this lawsuit. |
| --- | --- | --- | --- |
| 6. | Dane Towery | Office of the Oklahoma Attorney General<br>313 NE 21st Street<br>Oklahoma City, OK 73105<br>dane.towery@oag.ok.gov | Troy German investigation and criminal suit; communications to, from, and/or regarding Plaintiffs and the German criminal suit; Plaintiffs' conduct and job performance; communications with David Prater regarding Plaintiffs and German; knowledge of facts and circumstances related to claims and defenses in this lawsuit. |
| 7. | Tim Tipton | c/o Sunne Day<br>General Counsel<br>Department of Public Safety<br>3600 N Martin Luther King Ave<br>Oklahoma City, OK 73111 | Troy German investigation and criminal suit; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; communications with Defendants; knowledge of facts and circumstances related to claims and defenses in this lawsuit; knowledge of administrative investigation into allegation of misconduct against Tipton and resolution of same; circumstances of Tipton's appointment as DPS Commissioner. |

| 8. | Brian Orr | c/o Sunne Day<br>General Counsel<br>Department of Public Safety<br>3600 N Martin Luther King Ave<br>Oklahoma City, OK 73111 | Blackmail allegations alleged against Rusty Rhoades; German criminal and civil lawsuits; Rhoades' and Harrell's actions related to cheating during the promotional process within the Oklahoma Highway Patrol; communications to, from, and/or regarding Plaintiffs; Plaintiffs' conduct and job performance; knowledge of facts and circumstances related to claims and defenses in this lawsuit; administrative investigation into allegation of misconduct against Orr and resolution of same. |
| --- | --- | --- | --- |
| 9. | Gary James | 620 N Robinson Ave #207, Oklahoma City, OK 73102 | Blackmail allegations against Troy German and investigation of the same; Troy German criminal suit; Plaintiffs involvement in cheating on promotional exam within the Oklahoma Highway Patrol; knowledge of communications with Defendants; James' representation of Tipton, including in administrative action; communications with Defendants and reasons for same; further knowledge of facts and circumstances of Plaintiff's claims and defenses to the same. |
| 10. | Duane Michael | Executive Director<br>Oklahoma Law Enforcement Retirement System<br>421 NW 13th, Suite 100<br>Oklahoma City, OK 73103 | Plaintiff's retirement documentation, benefits, applications, and communications. |

| | | |
|---|---|---|
| All witnesses listed by Plaintiffs and not objected to by Defendants | | |
| All witnesses necessary for authentication, foundation, rebuttal, and/or impeachment purposes | | |

8.     ESTIMATED TRIAL TIME:

      A.     Plaintiff's Case:     ___2.5 days___

      B.     Defendant's Case:     ___2-3 days___

      C.     If you desire to have daily copy or any other extraordinary court reporter services during trial, you must so notify the Chief Deputy Court Clerk a minimum of two weeks before the date the case is scheduled to be called for trial.

9.     BIFURCATION REQUESTED:          Yes X_____          No ___

Defendants contend bifurcation as to the issue of punitive damages is warranted.

Plaintiff responds that punitive damages should be handled in two stages as outlined in the OUJI.

10.     POSSIBILITY OF SETTLEMENT:

      Good _____          Fair __X____          Poor _____

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the court.

Respectfully submitted,

*s/ Dustin J. Hopson*
Dustin J. Hopson, OBA # 19485
Amy S. Neathery, OBA #20344
HOPSON LEGAL LLC
119 N. Robinson Ave., Suite 650
Oklahoma City, OK 73102 Telephone:
(405) 673-7560
Email: dustin@hopsonlawfirm.com
Email: amy@hopsonlawfirm.com
ATTORNEYS FOR PLAINTIFFS


AND

*s/ Michael A. Duncan*
W. Kirk Turner, OBA # 13791 Jacob S.
Crawford, OBA # 31031
MCAFEE & TAFT A PROFESSIONAL
CORPORATION
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone (918) 587-0000
Facsimile (918) 599-9317
kirk.turner@mcafeetaft.com
jake.crawford@mcafeetaft.com

Ronald T. Shinn Jr., OBA # 19569
Michael A. Duncan, OBA # 32382
Jennie Mook, OBA #34727
MCAFEE & TAFT A PROFESSIONAL
CORPORATION
8th Floor, Two Leadership Square
211 North Robinson Avenue Oklahoma
City, Oklahoma  73102
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439
ron.shinn@mcafeetaft.com
alex.duncan@mcafeetaft.com
jennie.mook@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS**