# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) BILLY D. "RUSTY" RHOADES III, an individual; <br> (2) MEGAN L. SIMPSON, an individual; and <br> (3) MICHAEL S. HARRELL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> (1) THE STATE OF OKLAHOMA, *ex rel.* GOVERNOR KEVIN STITT; <br> (2) THE STATE OF OKLAHOMA, *ex rel.* THE DEPARTMENT OF PUBLIC SAFETY; <br> (3) KEVIN STITT, an individual; <br> (4) CHIP KEATING, an individual; <br> (5) JASON NELSON, an individual; and <br> (6) JOE CLARO, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CIV-20-761-R |

Defendants.

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

Plaintiff, Michael S. Harrell, by and through his counsel of record, hereby submits his proposed Jury Instructions and Verdict Forms.

Respectfully submitted,

/s/ Dustin J. Hopson
Dustin Hopson, OBA #19485
Amy S. Neathery, OBA #20344
Hopson Legal, LLC
119 N. Robinson Ave., Ste. 650
Oklahoma City, OK 73102
Telephone: (405) 673-7560
dustin@hopsonlawfirm.com
amy@hopsonlawfirm.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, I transmitted the foregoing document to the Clerk of Court using ECF System for filing and transmittal of a Notice of Electronic Filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

W. Kirk Turner
Jacob S. Crawford
McAfee 2 Taft
Two West Second Street, Ste. 1100
Tulsa, OK 74103
kirk.turner@mcafeetaft.com
jake.crawford@mcafeetaft.com

Ronald T. Shinn, Jr.
Michael A. Duncan
McAfee 2 Taft
211 North Robinson, 10th Floor
Oklahoma City, OK 73102
ron.shinn@mcafeetaft.com
alex.duncan@mcafeetaft.com
ATTORNEYS FOR DEFENDANTS

/s/ Dustin J. Hopson
Dustin J. Hopson

2

## <u>INSTRUCTION NO. 1</u>

### USE OF ELECTRONIC DEVICES AND RESEARCH PROHIBITED

At this time, turn off all cell phones and other electronic devices. Do not use any electronic devices while court is in session in this case.

Do not use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to find out any information about this case or the parties or attorneys.

During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury. This will help you avoid others pressuring you to discuss this trial. If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff.

It is very important that you abide by these instructions because it is essential that you keep your minds free and open at all times throughout this trial and that you not be influenced by anything except the evidence you hear and see in the courtroom. Failure to follow these instructions could result in the case having to be retried, and you will be in violation of your oath and the court's order, which may result in your being fined or put in jail.

_____
David L. Russell
United States District Judge

_____        Given

_____        Refused

3

_____   Modified

OUJI 3d., No. 1.0

**INSTRUCTION NO. 2**

**EXPLANATION TO JURY PANEL OF VOIR DIRE**

As possible jurors you will be questioned to determine your qualifications to serve in this case.  The purpose of these questions is to obtain a fair jury.  Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors.  Will you please stand, raise your right hand, and the oath will now be given to you by the Court Bailiff.

_____
David L. Russell
United States District Judge

_____   Given

_____   Refused

_____   Modified

OUJI 3d., No. 1.1; 51 O.S.1991 § 21.

5

## <u>INSTRUCTION NO.  3</u>

## **OATH ON VOIR DIRE**

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge or the lawyers to serve as a juror in the case now on trial, so help you God?  [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge or lawyers to serve as a juror in the case now on trial?   [Juror should be required to answer "I do."].


_____

David L. Russell
United States District Judge

_____        Given

_____        Refused

_____        Modified


OUJI 3d., No. 1.2

## INSTRUCTION NO. 4

## JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — TO BE GIVEN AFTER JURY IS SWORN

Members of the Jury: I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received.  It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court. You should consider only the evidence introduced while the court is in session. It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision. Your decision should be based upon probabilities, and not possibilities. It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true. The term "witness" means anyone who testifies in person, or by deposition, including the parties.

In addition, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified. You may make deductions and reach conclusions which reason and common sense lead you to draw from the

facts which you find to have been established by the testimony and evidence in the case.

The production of evidence in court is governed by rules of law. From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. and you should not speculate on what the testimony or exhibit might have been. The attorney's objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it

with you. This rule applies not only to court employees, the attorneys, parties, or witnesses involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the [(clerk of the court)/bailiff], who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or form or express any opinion about it.

Do not read newspaper reports or obtain information from the internet or any other source about this trial or the issues, parties or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not attempt to visit the scene or investigate this case on your own.

During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury This will help you avoid others pressuring you to discuss this trial If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

_____
David L. Russell
United States District Judge

9

_____        Given

_____        Refused

_____        Modified


OUJI 3d., No. 1.4

## **INSTRUCTION NO. 5**

## **PUBLICITY DURING THE TRIAL**

If there is publicity about this trial, you must ignore it. Do not read anything or listen to any television or radio programs about the case. Do not read any internet articles, or articles from any online website, or app, or other source of any kind. You must decide this case only from the evidence presented in the trial.

_____
David L. Russell
United States District Judge

_____    Given

_____    Refused

_____    Modified

3 Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, *Federal Jury Practice and Instructions: Civil*, §101.19, at 45 (5th ed. 2000)

<u>**INSTRUCTION NO. 6**</u>

**THE ISSUES IN THE CASE -- NO COUNTERCLAIM**

This case arises from the termination of the Plaintiff, Michael Harrell, from his position as the Chief of the Oklahoma Highway Patrol, a division of the Oklahoma State Department of Public Safety. Under Oklahoma State law, it is a requirement that the Chief of the Oklahoma State Highway Patrol be returned to the highest ranked position he held prior to accepting the position as Chief of Patrol. That statute creates a property interest in future employment for the Chief of Patrol, and under the Fourteenth Amendment Due Process Clause of the United States Constitution, a person cannot deprive another of that interest without due process. Plaintiff asserts that because he was never offered or allowed to return to the position he previously held, that of Major within the Oklahoma Highway Patrol, he was denied his property interest of expected future employment without due process in violation of the Constitution of the United States, and he asserts that he is entitled to recover damages he suffered because of the violation of his rights.

Defendants deny these claims.

These are issues for you to determine.

_____
David L. Russell
United States District Judge

12

_____        Given

_____        Refused

_____        Modified


OUJI 3d., No. 2.1, modified.

## <u>INSTRUCTION NO. 7</u>

**THE ISSUES IN THE CASE — CAUTIONARY INSTRUCTION**

This statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witness under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

 

_____
David L. Russell
United States District Judge

_____   Given

_____   Refused

_____   Modified

OUJI 3d., No. 2.5

14

## INSTRUCTION NO. 8

## CAUTIONARY INSTRUCTION — NOTE TAKING BY JURORS

You may take notes during the presentation of evidence in this case. I do not require that any juror take notes. This is entirely up to you. If you take notes, remember this:

1) Take notes sparingly. Do not try to write down all the testimony. The purpose of taking notes is to help you remember. They should not take the place of your independent memory of the testimony. Notes are helpful when dealing with measurements, times, distances, identities and relationships.

2) You must pass on the credibility of the witnesses, and to do so, you must observe them. Do not let note taking distract you from this duty.

3) If you do not take notes or take only a few notes, do not let your own independent recollection of the evidence be influenced solely by the fact other jurors have taken notes.

4) Your notes are for your private use only. Do not share your notes with any other juror during the presentation of the case. You may discuss your notes only with other jurors and only after the case is submitted to you for deliberation.

During recesses and at the end of the day, leave your note pad in the courtroom. We will lock the courtroom at night and during the noon recess.

You will have access to your notes during deliberations. After the trial is over, please leave your pads and pens in the deliberation room. No one will read

your notes. They will not be included in the official record in this case. The notes

will be destroyed.

_____

David L. Russell
United States District Judge

_____     Given

_____     Refused

_____     Modified

OUJI 3d., No. 1.7

16

## INSTRUCTION NO. 9

## CLOSING INSTRUCTION–TO BE GIVEN AFTER THE EVIDENCE

The Court has made rulings during this trial. In ruling, the Court has not in any way suggested to you the weight or credit to be given any evidence or testimony received during the trial, nor intimated in any way what you should decide in this case.

You are the judges of the facts. The importance and worth of the evidence and testimony is for you to decide.  From all the testimony heard and evidence seen by you during the trial, and using the reasoning which you each have, you will make your decision. You should perform your duties as jurors impartially and faithfully, under your oath.

The law provides that you should now listen to and consider the arguments of counsel, which are a proper part of this case.


_____
David L. Russell
United States District Judge


_____    Given

_____    Refused

_____    Modified


OUJI 3d., 1.8A

17

## **INSTRUCTION NO. 10**

## **CLOSING ARGUMENTS**

You will now hear the arguments of counsel. You are reminded that the attorneys' statements and arguments are not evidence. What they have said in their opening statements and during the trial, and what they will say in their closing arguments is intended to help you interpret the evidence, but it is not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

_____
David L. Russell
United States District Judge

_____     Given

_____     Refused

_____     Modified

18

## <u>INSTRUCTION NO. 11</u>

## JURY'S DUTIES — INTRODUCTION TO INSTRUCTIONS —TO BE GIVEN AFTER THE EVIDENCE

It is now my duty to further explain your duties as jurors, and to further inform You of the law applicable to this case.  It is your duty to faithfully perform your duties and to accept and follow all instructions of the law as a whole, including the instruction I gave you at the beginning of this trial and the instructions I gave you during the course of this trial. You are not free to accept and follow one or more of these instructions and disregard the others.

A written copy of all instructions will be given to you before you begin your deliberations.


_____
David L. Russell
United States District Judge

_____     Given

_____     Refused

_____     Modified


OUJI 3d., No. 1.8.

## INSTRUCTION NO. 12

## CONSIDERATION OF THE EVIDENCE

I am now going to instruct you as to what is part of the evidence in this case for you to consider in reaching a verdict.

The evidence in this case consists of the sworn testimony of each of the witnesses, regardless of which party called the witnesses. It also consists of each document that was admitted into evidence by the Court as an exhibit, regardless of which party submitted the document.

Some evidence is admitted for a limited purpose only. When I instructed you during the trial that an item of evidence is admitted for a limited purpose, you must consider it only for that limited purpose and no other.

You are to consider only the evidence in this case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from the facts you find have been proved, such reasonable inferences as you feel are justified in light of your experience. Finally, you must decide the case not on the basis of fragments or parts of the evidence, but upon the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

I am now going to instruct you as to what is not evidence in this case. Any evidence as to which an objection is sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded by you. If I sustained an objection to a question addressed to a witness, you are to disregard the question entirely – you are not to draw any inference from the wording of the question, or speculate as to what the witness would have said if permitted to answer the question.

Anything you may have heard or seen outside the courtroom is not evidence and must be entirely disregarded.

Furthermore, statements and arguments of counsel are not evidence in this case, unless made as an agreement or stipulation of fact. In particular, statements made by counsel in their opening or closing remarks or in the asking of questions of witnesses do not constitute any evidence whatsoever in the case and should be disregarded by you as proof of any facts. You should attach no weight to inferences from questions, apart from the sense and meaning of the answers.

It is the duty and the right of counsel to address you and explain the testimony to enable you to better to understand the questions that you are to decide. However, if counsel inadvertently misstates the law or misstates the evidence, you will follow the law as given to you by the Court in these instructions and not as state by counsel. And you will take the evidence detailed by the

witnesses and shown by the documents introduced instead of the statements of counsel.

During the course of this trial you have heard the various attorneys objecting to questions of other counsel. When the other side offers testimony or other evidence the attorney believes was not properly admissible, it is his or her right and duty to object. When I overruled the objection by allowing the testimony or other evidence to be introduced into evidence, I was not expressing any opinion as to the weight or effect of such evidence. The attorneys were raising objections that I either accepted or rejected.

_____
David L. Russell
United States District Judge

_____      Given

_____      Refused

_____      Modified

22

## JURY INSTRUCTION NO. 13

### DIRECT AND INDIRECT [CIRCUMSTANTIAL] EVIDENCE

"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness. "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact. It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.

"Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

_____
David L. Russell
United States District Judge

_____    Given

_____    Refused

_____    Modified

OUJI 3d., No. 3.25

23

## JURY INSTRUCTION NO. 14

### NO SPECULATION

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

_____
David L. Russell
United States District Judge

_____     Given

_____     Refused

_____     Modified


OUJI 3d., No. 3.3

## INSTRUCTION NO. 15

## DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

_____
David L. Russell
United States District Judge

_____        Given

_____        Refused

_____        Modified

OUJI 3d., No. 3.13

25

## INSTRUCTION NO. 16

### IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.


_____
David L. Russell
United States District Judge

_____    Given

_____    Refused

_____    Modified

## <u>INSTRUCTION NO. 17</u>

**BURDEN OF PROOF- GREATER WEIGHT OF THE EVIDENCE**

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

_____
David L. Russell
United States District Judge

_____        Given

_____        Refused

_____        Modified

OUJI 3d., No. 3.1

27

## <u>INSTRUCTION NO. 18</u>

### SECTION 1983 DUE PROCESS CLAIM – ELEMENTS

Plaintiff Harrell claims that he was deprived a constitutional right to procedural due process by Defendant Stitt, Defendant Keating, and Defendant Nelson and that he suffered damages as a result. In order to prevail on this procedural due process claim, Plaintiff Harrell must show by the weight of the evidence that:

1. Plaintiff Harrell had a right to continued employment with the Oklahoma Department of Public Safety, which entitled him to due process specifically, a pretermination hearing; and

2. Plaintiff Harrell was deprived a pretermination hearing prior to his separation from employment.

_____
David L. Russell
United States District Judge

_____    Given

_____    Refused

_____    Modified

*Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir. 1988).

## INSTRUCTION NO. 19

## DUE PROCESS CLAIM – PRETERMINATION HEARING

In order for Plaintiff Harrell to prevail on his due process claim, he also must show by the weight of the evidence that he was deprived of a pretermination hearing. A pretermination hearing need not definitively resolve the propriety of the alleged discharge, but rather serves as an initial check against mistaken decisions—essentially a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action. To constitute a pretermination hearing, three elements must be met:

1. The employee is provided oral or written notice of the charges against him;

2. The employee is provided an explanation of the employer's evidence; and

3. The employee has an opportunity to present his side of the story.

If you find that Plaintiff Harrell was provided a pretermination hearing, then you must return a verdict in favor of Defendant Stitt, Defendant Keating, and Defendant Nelson on Plaintiff Harrell's due process claim.

_____
David L. Russell
United States District Judge

_____    Given

29

_____       Refused

_____       Modified

*Powell v. Mikulecky*, 891 F.2d 1454, 1458–59 (10th Cir. 1989) (quoting *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 545–46 (1985)).

## INSTRUCTION NO. 20

## STATUTE FOR CHIEF OF OKLAHOMA HIGHWAY PATROL

The Plaintiff claims that he was entitled to continued employment with the Oklahoma Highway Patrol following his service as Chief of Patrol of the Highway Patrol. The Oklahoma Statute upon which he relies is 47 O.S. §2-105(A). The pertinent part of the statute states as follows:

A. The Commissioner of Public Safety, subject to the Oklahoma Personnel Act, shall appoint:

1. A Chief of the Oklahoma Highway Patrol Division with the rank of Colonel, Deputy Chiefs of the Oklahoma Highway Patrol Division with the rank of Lieutenant Colonel, and subordinate officers and employees of the Oklahoma Highway Patrol Division, including Majors, Captains, Lieutenants, and Highway Patrolmen with the rank of Trooper, who shall comprise the Oklahoma Highway Patrol Division of the Department of Public Safety; provided, any officer appointed to a commissioned position prescribed in this paragraph which is unclassified pursuant to Section 840-5.5 of Title 74 of the Oklahoma Statutes shall have a right of return to the highest previously held classified commissioned position within the Oklahoma Highway Patrol Division of the Department of Public Safety without any loss of rights,

privileges or benefits immediately upon completion of the duties in the unclassified commissioned position.

This statute was the law of the State of Oklahoma at the time the Plaintiff was separated from his employment as Chief of the Oklahoma Highway Patrol. The position of Chief of the Oklahoma Highway Patrol is commissioned and unclassified position.

 

 

 

_____
David L. Russell
United States District Judge

_____   Given

_____   Refused

_____   Modified

47 O.S. §2-105.

## INSTRUCTION NO. 21

### INVOLUNTARY OR COERCED RESIGNATION OR RETIRMENT

A resignation or retirement will be involuntary and coerced when the totality of the circumstances indicates the employer did not have the opportunity to make a free choice.

_____
David L. Russell
United States District Judge

_____    Given

_____    Refused

_____    Modified

*Narotzky v. Natrona Cnty Mem'l Hosp. Bd. Of Trustees*, 610 F.3d 558, 565-66 (10th Cir. 2010); *Parker v. Bd. of Regents of Tulsa Jr. College,* 981 F.2d 1159, 1162 (10th Cir. 1992); *Stone v. Univ. of Md Medical Sys. Corp.*, 855 F.2d 167, 173 (4th Cir. 1988).

## **INSTRUCTION NO. 22**

### **EMOTIONAL DISTRESS OR PAIN OR ANGUISH- DEFINED**

The term "emotional distress" means mental distress, mental pain and suffering, or mental anguish. It includes all highly unpleasant mental reactions, such as fright, horror, grief, humiliation, embarrassment, anger, chagrin, disappointment, and worry.

_____
David L. Russell
United States District Judge

_____    Given

_____    Refused

_____    Modified

OUJI 3d., No. 20.3

34

## INSTRUCTION NO. 23

## COMPENSATORY DAMAGES

If you should find that any defendant is liable to Plaintiff, then you must award Plaintiff such sum as you find will fairly and justly compensate the Plaintiff for any actual damages you find the plaintiff sustained as a direct result of the Defendants' conduct. Compensatory damages include any wages you find Plaintiff would have earned in his employment with defendants if he had not been discharged, through the date of your verdict, minus the amount of earnings and benefits from other employment received by the Plaintiff during that time. Compensatory damages may also include emotional distress caused by Plaintiff's discharge.

In determining the amount of damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences form the facts and evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require a Plaintiff to prove the amount of damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You are also instructed that the Plaintiff has a duty under the law to mitigate his damages—that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if it has been proven that

Plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

_____
David L. Russell
United States District Judge

_____      Given

_____      Refused

_____      Modified

## INSTRUCTION NO. 24

## NOMINAL DAMAGES

If you find, after considering all the evidence presented, that the Defendants violated Plaintiff's rights but that Plaintiff suffered no injury as a result of this violation, you may award Plaintiff "nominal damages." "Nominal damages" are awarded in recognition that Plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that Plaintiff suffered was the deprivation of his constitutional rights without any resulting damage of monetary value.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages.

You may not award both nominal and compensatory damages to a Plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

If you find in favor of Plaintiff, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in some nominal amount, such as One Dollar ($1.00). Nominal damages may not be awarded for more than a token sum.

_____
David L. Russell
United States District Judge

_____        Given

_____        Refused

_____        Modified

## INSTRUCTION NO. 25

## DIRECTIONS FOR VERDICT FORM

If you find in favor of Plaintiff, Michael Harrell, then mark the Verdict Form for Plaintiff, Michael Harrell, and against Defendants.  If you so find, then determine the amount of damages that Plaintiff, Michael Harrell, is entitled to recover and enter that amount on the Verdict Form.

If you find in favor of Defendants, then mark the Verdict Form for Defendants, and against Plaintiff.


_____
David L. Russell
United States District Judge

_____        Given

_____        Refused

_____        Modified


OUJI 1.12A

## INSTRUCTION NO. 26

## EXEMPLARY OR PUNITIVE DAMAGES - FIRST STAGE

If you find in favor of Michael Harrell and grant him actual damages, then you must also find by a separate verdict, whether Defendants acted in reckless disregard for the rights of Plaintiff and/or acted intentionally and with malice towards Plaintiff.

Plaintiff has the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

The conduct of Defendants was in reckless disregard of another's rights if Defendants were either aware, or did not care, that there was a substantial and unnecessary risk that their conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find that Defendants acted in reckless disregard of the rights of others or intentionally and with malice towards others, you may award punitive damages against Defendants in a later part of this trial. If you find that Defendants

40

did not act in reckless disregard of the rights of others or intentionally and with

malice towards others, you may not award punitive damages against Defendants.

_____
David L. Russell
United States District Judge

_____   Given

_____   Refused

_____   Modified

OUJI 3d., No. 5.6, modified.

## INSTRUCTION NO. 27

### EXEMPLARY OR PUNITIVE DAMAGES - SECOND STAGE

Ladies and Gentlemen of the jury, you have found in favor of the plaintiff and granted him/her actual damages, and you have also found by a separate verdict that the defendant acted with reckless disregard of the rights of others and/or acted intentionally and with malice towards others.

You may now, in addition to actual damages, grant the Plaintiff punitive damages in such sum as you reasonably believe will punish Defendants and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiff, but as punishment to Defendants, and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

You may consider evidence of actual harm to others in determining the seriousness of the hazard to the public and thus whether the conduct that harmed the plaintiff was particularly reprehensible or bad. Conduct that risks harm to many may be more reprehensible than conduct that risks harm to only a few. However, you may not use punitive damages to punish Defendant directly on account of harms that Defendant may have caused to others.

42

In determining the amount of punitive damages, you may consider the following factors:

1. The seriousness of the hazard to the public arising from Defendants' misconduct.

2. The profitability of the misconduct to Defendants;

3. How long the conduct lasted and whether it is likely to continue;

4. Whether there were attempts to conceal the misconduct;

5. How aware Defendants was of the conduct and its consequences and how aware Defendant was of the hazard and of its excessiveness;

6. The attitude and conduct of Defendants upon finding out about the misconduct/hazard;

7. The financial condition of Defendants;

8. The number and level of employees involved in causing or concealing the misconduct.

 

 

_____
David L. Russell
United States District Judge

_____   Given

_____   Refused

_____   Modified

43

OUJI 3d., No. 5.9, Modified

## **INSTRUCTION NO. 28**

## **NOTE TAKING BY JURORS — TO BE GIVEN PRIOR TO DELIBERATION**

You have been permitted to take notes during the testimony of this case. If you have done so you may refer to them during deliberations, and discuss the contents of your notes with other jurors. In your deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts, but are simply aids to your memory. It is the testimony from the witness stand that must be the basis of your determination of the facts, and ultimately, your verdict in the case.

 

_____
David L. Russell
United States District Judge

_____      Given

_____      Refused

_____      Modified

OUJI 3d., No. 1.10

## <u>INSTRUCTION NO. 29</u>

## <u>JURY'S DUTIES — TO BE GIVEN PRIOR TO DELIBERATION</u>

Ladies and Gentlemen of the jury, that completes the argument.  This case is now submitted to you for your decision and verdict.

When you have arrived in the jury room you should first choose one of the jury as a foreperson and then begin deciding the case.  You must not use any method of chance in arriving at your verdict, but rest it on the opinion of each juror who agrees with it.  The forms of all possible verdicts will be sent to the jury room with you, along with these written instructions of the Court.  If all twelve (12) of you agree on a verdict, select the one (1) correct form of verdict and only your foreperson alone need sign it; if you do not all agree, but at least nine (9) or more of you do, then only those nine (9) or more agreeing will each, individually, sign the verdict form.  Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

_____
David L. Russell
United States District Judge

_____      Given

_____      Refused

_____      Modified

OUJI 3d., No. 1.9

46

## INSTRUCTION NO. 30

## OATH ADMINISTERED TO JURY

Do you solemnly swear that you will well and truly try the matters submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God?   [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence?   [Juror should be required to answer "I do."].

_____
David L. Russell
United States District Judge

_____    Given

_____    Refused

_____    Modified

OUJI 3d., No. 1.3

**INSTRUCTION NO. 31**

**MANDATORY INSTRUCTION UPON DISCHARGE**

You have now completed your duties as jurors in this case and are discharged.  The question may arise whether you are free to discuss this case with anyone.  This is entirely your decision.  If any person tries to discuss the case over your objection, or becomes critical of your service, please report it to me immediately.


 

 

 

 

 

                                    _____

                                    David L. Russell
                                    United States District Judge

_____        Given

_____        Refused

_____        Modified


OUJI 3d., No. 1.11

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL S. HARRELL, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN STITT, an individual; | ) | |
| CHIP KEATING, an individual; | ) | Case No. CIV-20-761-R |
| JASON NELSON, an individual; and | ) | |
| | ) | |
| Defendants. | ) | |

**VERDICT FORM**

We, the jury, empaneled and sworn in the above-entitled cause, do, upon

our oaths, find as follows:

(Check and complete either 1 <u>or</u> 2 below but not both)

1. _____  For Plaintiff, Michael Harrell, and against (check all that apply)

       _____  Kevin Stitt

       _____  Chip Keating

       _____  Jason Nelson

and fix the amount of damages in the sum of $ _____.

    We do \_\_\_ do not \_\_\_\_ (Check One) find by clear and convincing evidence
    that the Defendants acted in reckless disregard of the rights of others.

    We do \_\_\_ do not \_\_\_\_ (Check One) find by clear and convincing evidence
    that the Defendants, acted intentionally and with malice towards others.

2. _____  For Defendants and against Plaintiff.

_____        _____
Foreperson
_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISRICT OF OKLAHOMA

MICHAEL S. HARRELL, an individual,  )
                                                )
             Plaintiff,  )
                                                  )
v.  )
                                                )
KEVIN STITT, an individual;  )
CHIP KEATING, an individual;  )        Case No. CIV-20-761-R
JASON NELSON, an individual; and  )
                                                )
            Defendants.  )

# VERDICT FORM - SECOND STAGE

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:

(Check and complete either 1 <u>or</u> 2 below but not both)

1. _____ For Plaintiff, Michael Harrell, and against Defendants, and fix the

    amount of punitive damages in the sum of $ _____.

2. _____ For Defendants and against Plaintiff.


_____
Foreperson
_____     _____

_____     _____

_____     _____

_____     _____

_____     _____