# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISRICT OF OKLAHOMA

| | |
|---|---|
| (1) BILLY D. "RUSTY" RHOADES III, an individual;<br>(2) MEGAN L. SIMPSON, an individual; and<br>(3) MICHAEL S. HARRELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>(1) THE STATE OF OKLAHOMA, *ex rel.* GOVERNOR KEVIN STITT;<br>(2) THE STATE OF OKLAHOMA, *ex rel.* THE DEPARTMENT OF PUBLIC SAFETY;<br>(3) KEVIN STITT, an individual;<br>(4) CHIP KEATING, an individual;<br>(5) JASON NELSON, an individual; and<br>(6) JOE CLARO, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-20-761-R<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff, Michael S. Harrell, by and through his attorneys of record, hereby moves the Court to enter Orders in Limine prohibiting Defendants, Defendants' attorneys, Defendants' witnesses, or anyone else from asking any question, making any statement or introducing any evidence, directly or indirectly, in the presence of jurors or potential jurors by way of deposition testimony, live testimony, exhibit or otherwise regarding discovery or litigation conduct. In support of his Motion, Plaintiff shows the Court as follows:

## **FACTUAL OVERVIEW**

This case arises from the termination of Plaintiff from his position as the Chief of the Oklahoma Highway Patrol, a division of the Department of Public Safety. The Plaintiff was terminated over Labor Day weekend in 2019. Plaintiff asserts that he, and others, were terminated because of actions they took to investigate and prosecute a corrupt member of the Oklahoma Highway Patrol who engaged in efforts to blackmail Commissioner Rusty Rhoades and that the ensuing investigation threatened to reveal corrupt activities of others within the Oklahoma Highway Patrol. Plaintiff asserts that Governor Kevin Stitt did not express any issue with his job performance until immediately before his termination when Defendants Chip Keating and Jason Nelson provided the Governor with unfounded information that was neither (1) investigated nor proven, and (2) which had been provided by private individuals seeking to cover up corruption and protect and benefit from relationships with other members of the Oklahoma Highway Patrol.

The Plaintiff further asserts that the Defendants denied him his due process rights under the Fourteenth Amendment of the United States Constitution because the law of the State of Oklahoma does not give the Governor the power to appoint or terminate the Chief of Patrol and because, under state law, Chief Harrell should have been returned to the highest rank position he previously held. Plaintiff also claims that the reasons Defendants give

for Plaintiff's termination from employment are untrue and pretextual for the real reason he was terminated, which is to cover up corruption and avoid controversy for the administration of Governor Stitt.

## **BRIEF IN SUPPORT OF MOTIONS IN LIMINE**

According to Black's Law Dictionary, a Motion in Limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial. See also, *Jones v. Stotts* , 59 F.3d 143, 146 (10th Cir. 1995) ("A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy")

The primary objections to the admissibility of the evidence set out above are based upon Fed. R. Evid. 401-403 related to relevancy and evidence that is unfairly prejudicial, confusing and a waste of time. Relevant evidence is admissible, while irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevance is "determined in the context of the facts and arguments in a particular case, and thus [is] generally not amenable to broad *per se* rules." *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 387 (2008).

Rule 403 provides that even if evidence is relevant, it may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or because such evidence wastes the time of the court and jury. "Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry." *Id.* at 388. Using these principles, the Court should exclude all evidence that is irrelevant or unfairly prejudicial, confusing, or misleading.

### A. The Court should prohibit Defendants from making references to Plaintiffs' objections to discovery requests.

Plaintiffs request that the Court prohibit testimony, statement, or evidence that they objected to requests for production of documents or interrogatories or other discovery requests. Plaintiffs further request this Court prohibit Defendants from arguing or implying that facts could have been proven but for Plaintiffs' objections.

To expect a witness or party to testify as to the basis for the responses and objections asserted in discovery responses does nothing but invade the attorney-client privilege of Plaintiffs, insofar as those responses and objections were asserted by Plaintiffs' counsel on behalf of the clients. Moreover, it provides no tangible evidence on the issue of whether Defendants violated Harrell's 42 USC § 1983 right. Furthermore, a jury is unlikely to understand that there are legitimate reasons for objecting to discovery requests, objections are lodged by all parties, and making an objection is not an attempt to hide information or not

participate the search for the truth. As such, references to objections to discovery requests should be barred under Fed. Rule Evid. 401, 402, 403, and 502.

**B. Defendants should be prohibited from making references to evidence of the post-suit conduct of Plaintiffs' lawyers or any action taken by Plaintiffs during this litigation to include claims asserted but not at issue, Motions filed and ruled upon, and discovery or other disputes.**

Pursuant to Fed. Rule Evid. 401, 402, 403, any evidence regarding claims asserted but not at issue, Motions filed and ruled upon, extension of deadlines, and/or discovery or other disputes that may have occurred during this litigation should be ruled inadmissible as irrelevant, misleading, confusing, and unfairly prejudicial. Such disputes have absolutely no probative value or relevance whatsoever. Fed. R. Evid. 401, 402. In any lawsuit, there can be disagreements about discovery requests, scheduling matters, and other litigation issues. Allowing such evidence at trial would cause confusion, undue delay and unnecessary expense, and would mislead/distract jurors away from the relevant issues they must decide.

Courts have ruled that evidence regarding litigation conduct of a party is inadmissible. See, e.g., *Timberlake Constr. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 340 (10th Cir. 1995) (it was error to permit the jury to consider the standard and facially permissible litigation steps as evidence of…bad faith); *Simms v. The Travelers Ins. Co.*, 2000 OK CIV APP 145, 16 P.3d 468 (litigation conduct cannot be used as evidence). Thus, Plaintiff should be prohibited from introducing

5

evidence relating to any evidence regarding claims asserted but not at issue, Motions filed and ruled upon, extension of deadlines, and/or discovery or other disputes that may have occurred during this litigation that have occurred in this case.

### C. Defendants should be prohibited from making references to the Court's rulings on Motions or imply that the Court has already made determinations as to the Plaintiff's case.

The Court has, through Motions to Dismiss and Motions for Summary Judgment, expunged several of the claims Plaintiffs originally brought. However, it would be unfairly prejudicial for the Defendants, their attorneys, or their witnesses to state or reference prior claims that that the Court dismissed or imply that the Court's prior rulings reflect its opinions about the current case. Fed. R. Evid. 403.

The jury is to consider the case on the evidence heard during trial and without outside influences. OUJI 4. If the jury believed the Court felt a certain way, liked one party more than another, or believed one party had a better case than another, the jury would be more likely to make its determinations to coincide with what it believes the Court wants or believes. It would be unfairly prejudicial for the jury to know how the Court ruled on prior Motions or that the Court dismissed certain claims.

## **CONCLUSION**

WHEREFORE, Defendant respectfully requests that this Court enter an Order precluding Plaintiff from mentioning, alluding to, referring to, arguing, or offering any evidence related to any of the evidentiary issues associated with litigation conduct and raised herein.

Respectfully submitted,

/s/ Dustin J. Hopson
Dustin Hopson, OBA #19485
Amy S. Neathery, OBA #20344
Hopson Legal, LLC
119 N. Robinson Ave., Ste. 650
Oklahoma City, OK 73102
Telephone: (405) 673-7560
dustin@hopsonlawfirm.com
amy@hopsonlawfirm.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2023, I transmitted the foregoing document to the Clerk of Court using ECF System for filing and transmittal of a Notice of Electronic Filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

W. Kirk Turner  
Jacob S. Crawford  
McAfee 2 Taft  
Two West Second Street, Ste. 1100  
Tulsa, OK 74103  
kirk.turner@mcafeetaft.com  
jake.crawford@mcafeetaft.com  
ATTORNEYS FOR DEFENDANTS

Ronald T. Shinn, Jr.  
Michael A. Duncan  
McAfee 2 Taft  
211 North Robinson, 10th Floor  
Oklahoma City, OK 73102  
ron.shinn@mcafeetaft.com  
alex.duncan@mcafeetaft.com  
ATTORNEYS FOR DEFENDANTS

                                  /s/ Dustin J. Hopson  
                                  Dustin J. Hopson